**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **SHERIDAN D. PRICE,** | |
|     **Plaintiff,** | |
| **v.** | **Case No. 25-CV-15196** |
| **PRO CARS USA, INC., ARTA GASHI, ASTRIT GASHI, and TONY GASHI, Individually.** | **Hon. Judge LaShonda A. Hunt** |
| | **Magistrate Judge Albert Berry** |
|     **Defendant(s).** | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**JOHNSTON, TOMEI**
**& GOLDBERG, LLC**
350 N Milwaukee Ave., Ste. 202
Libertyville, IL 60048
(847) 549-0600;
Attorneys for Plaintiff

**NOW COMES** Plaintiff, SHERIDAN D. PRICE ("Price" or "Plaintiff") by and through his attorneys Robert J. Tomei Jr. and JOHNSTON, TOMEI & GOLDBERG, LLC, and moves this Honorable Court pursuant to Fed. R. Civ. P. 55 for entry of judgment by default against Defendant(s) PRO CARS USA, INC., ARTA GASHI, ASTRIT GASHI, and TONY GASHI due to their failure to plead. In support of his Motion, Price states as follows:

## I.     **INTRODUCTION**.

1.     Plaintiff, SHERIDAN D. PRICE, filed his original Complaint at Law in this matter on December 15, 2025, alleging, that Defendant(s) Pro Cars USA, Inc. and Arta Gashi *aka* Astrit Gashi violated the Illinois Fraud and Deceptive Businesses Act 815 ILCS 505/1 *et seq*. ("CFA"), by *inter alia*, selling a used luxury motor vehicle that Defendants knew or should have known could not be conveyed with clean, marketable title, because the certificate of title was subject to a substantial pre-existing lien nearly matching the sales price, which the Defendant then failed to and refused to pay off. The original Complaint alongside the Summons were served upon Pro Cars Usa, Inc. on December 29, 2025. (Dkt. 8). Thus, Pro Cars was required to answer or otherwise plead by January 19, 2026.

2.     Plaintiff later filed his First Amended Complaint at Law on February 18, 2026, updating the Defendant(s) after acquiring new information to include Pro Cars USA, Inc., and Arta Gashi, Astrit Gashi and Tony Gashi, Individually.

3.     Service of the First Amended Complaint upon Defendant(s) Arta Gashi, Astrit Gashi and Tony Gashi was effectuated via alternate service by May 1, 2026. (Dkt. 40, 41, 42). Thus, Arta Gashi, Astrit Gashi and Tony Gashi were required to answer or otherwise plead by May 22, 2026.

4.     To date, Individual Defendants Arta Gashi, Astrit Gashi, Tony Gashi and the previously served corporate Defendant Pro Cars USA, Inc., failed to answer or otherwise plead to the complaint, and as such, were held to be in default by this Court on June 2, 2026. (Dkt. 47).

5.     On June 24, 2026, this Court granted the Plaintiff an extension up to and including July 7, 2026, in which to file his Motion for Default Judgment. (Dkt. 51) which was thereafter extended for an additional seven days to July 14, 2026. (Dkt. 53).

II.     **MEMORANDUM OF LAW.**

Plaintiff is seeking entry of default judgment of an amount certain together with injunctive relief, by the Court against Defendant(s) Pro Cars USA, Inc., and individual Defendants identified Arta Gashi, Astrit Gashi and Tony Gashi based on the First Amended Complaint filed herein. Defendant(s) are not infants or incompetent, and are not in the military, and thus the Servicemembers Civil Relief Act does not apply hereto. *See* Attached **Group Exhibit A**, Tomei Affidavit Regarding Military Service, Civil Service Relief Report for Arta Gashi, Astrit Gashi and Tony Gashi. On or about June 4, 2026, and pursuant to the Default Order (Dkt. 47), formal Notice of entry of the June 2, 2026 Default Order was served via email, Certified Mail, and U.S. First Class Mail, on all defaulting parties at all known addresses. (Dkt. 48).

A.  **Standard of Law.**

The procedure under Rule 55 of the Federal Rules of Civil Procedure is a two-stage process for obtaining (1) entry of default, and then, (2) default judgment. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). The second stage, as indicated by Rule 55(b), involves two alternative approaches for obtaining default judgment. If the plaintiff's claim is for a "sum certain" or an amount that can be made certain by computation, the clerk must enter judgment upon the

plaintiff's request, with an affidavit showing the amount due. *See Fed. R. Civ. P. 55(b)(1).* In all other cases, the party must apply to the court for a default judgment. *See Fed. R. Civ. P. 55(b)(2).* In this case, because the Plaintiff seeks entry of default judgment by the Court, Rule 55(b)(2) applies.

The determination of whether to enter default judgment is a matter of the Court's discretion. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). While the well-pleaded allegations of the complaint with respect to liability are taken as true, the amount of damages must still be proven. *See Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). The Court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. *See In re Catt*, 368 F.3d at 793. However, in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence *or in detailed affidavits*, a hearing is unnecessary. *See O'Brien*, 998 F.2d at 1404.

In this matter, Plaintiff's well pled First Amended Complaint asserts five causes of action: Count I: Breach of Implied Warranty Under the Magnuson Moss Warranty Act 15 U.S.C. §2301 *et seq*. ("MMWA"), Count II: Violations of the Illinois Consumer Fraud Act; Count III: Conversion of Money Under Common Law and MMWA; Count IV: Action to Recover the Price Pursuant to 810 ILCS 5/2-711(1) of the Illinois UCC; and Count V: Revocation of Acceptance under the Illinois Uniform Commercial Code and Magnuson Moss Warranty Act.

**B. <u>Case History, Factual Bases for Claims, and Settlement History</u>.**

At its core, this is a case of consumer fraud of the highest order. Defendants received over **Three Hundred Thousand and 00/100 Dollars** for a Vehicle and failed to deliver the title. And Defendants <u>knew</u> delivery of clean marketable title would **never** be made.

Specifically, Plaintiff's FAC alleges that on or about May 29, 2025, the Plaintiff purchased a used 2023 Rolls-Royce Cullinan, 4D SUV VIN# SLATV4C04PU216316 ("Rolls-Royce" or "Vehicle") from Defendant Pro Cars USA, Inc., for a total sales price of $300,603.03. Dkt. 19 at ¶18. Plaintiff paid the full contracted amount via ACH transfer. *Id*. at ¶20. Plaintiff acknowledges that the Vehicle was delivered "mechanically sound" (*Id*. at ¶22) but that it was delivered **without** the Certificate of Title. *Id*. By September 2, 2025, Plaintiff's queries about the absence of the title were met with continued obfuscation, further delay, and lack of communication, when he was forced to retain legal counsel to issue his pre-suit demand and "notice of revocation" on September 2, 2025. *Id* at. ¶28. Then, to add insult to injury, on September 22, 2025, he was issued a citation for driving on expired temporary plates. *Id* at ¶29.

As Plaintiff has alleged at Paragraph 65 of his FAC, Defendants committed a myriad of egregious unfair and or deceptive acts in the course of Illinois trade and commerce, including, but not limited to: (a) Selling a Vehicle to Plaintiff when Defendants knew or should have known Defendants were unable to convey clean marketable title, (b) Selling a Vehicle to Plaintiff with the intent to retain the benefit of the sales proceeds when Defendants knew or should have known Defendants could not perform under the express and implied terms of the purchase contract by delivering clean marketable title, (c) Selling a Vehicle to Plaintiff when Defendants knew or should have known Defendants could not comply with its statutory obligations under 625 ILCS 5/3-113(a), to execute an assignment and warranty of title and deliver the certificate to the Secretary of State within 20 days of the vehicle transfer, and mail or deliver the certificate to the Secretary of State with the transferee's application for a new certificate, (d) Selling a Vehicle to Plaintiff when Defendants knew or should have known Defendants could not comply with its statutory obligations under 625 ILCS 5/5-102(i), which

require if a new certificate of title is not required to be issued following a lien release pursuant to 625 ILCS 5/3-113(a), that licensed dealers furnish the purchaser with a properly assigned certificate of title at the time of sale, (e) Selling a Vehicle to Plaintiff when Defendants knew or should have known Defendants could not comply with its statutory obligations under 35 ILCS 105/3-55(h-1), which requires dealerships to obtain a Statement of Intent from out-of-state resident purchasers, such as the Plaintiff regarding the intent to title the vehicle in a state other than Illinois, which is required for purposes of ascertaining sales tax amount(s) and liabilities to the State the vehicle is set to be titled in, (f) Failing to comply with its express and implied contractual duties to convey and or assign clean marketable title to the Vehicle, (g) Failing to comply with its statutory obligations to ensure a proper and complete effectuation of the transaction under 625 ILCS 5/3-113(a), 625 ILCS 5/5-102(i), and 35 ILCS 105/3-55(h-i).

The Plaintiff also alleges that Defendant "Arta" Gashi, the "listed "President" and "Secretary for PRO CARS (Dkt. 19, ¶5) is the sister of the other individually named Defendants, "Astrit" and "Tony" Gashi (Dkt. 19, ¶37). Plaintiff alleges that Arta Gashi, who is not involved in the day-to-day operations of Pro Cars, only serves to operate as the "straw owner" of Pro Cars (*Id*. at ¶36), because "Astrit" and "Tony" "have been blacklisted, barred, or otherwise prohibited from operating automobile dealerships for engaging in a myriad of historical unfair and deceptive business practices" for being named Defendants individually and their other corporate alter ego "Motorcars USA, Inc." in multiple private civil and state enforcement actions (*Id*. at ¶38-39), including at least in one instance, being charged with engaging in criminal conversion and relevant to these proceedings, "breach of implied warranty of title." *Id*. at ¶39(B).

The Plaintiff alleges that all Defendant parties "were in fact alter egos of Pro Cars and vice versa . . . [using] the corporate form of Pro Cars fraudulently for an improper purpose,

Page **5** of **17**

namely, to run a fraudulent used automobile enterprise functioning outside of the procedures and licensing required under municipal, county codes and Illinois law in order to perpetuate unlawful, fraudulent, deceptive and deceitful conduct upon the Plaintiff and other consumers." ¶40. Plaintiff goes on to allege that if the Court "does not allow the corporate veil of Pro Cars to be pierced . . . injustice and inequitable consequences" will be promoted because the individual Defendants assertion of "the corporation as a shield from liability" leaving Plaintiff at the risk of not being "fully compensated for his damages." *Id*. at ¶43.

As of the date of the filing of the instant Motion for Judgment, despite being fully aware of this action, the Default Order of June 2, 2026 (Dkt. 48) and having multiple attorneys contact Plaintiff's counsel for a "settlement," no resolution has been had, no offers have been made, and the Plaintiff's Rolls Royce remains locked up in storage.

**C.** **Count II Liability Under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq* ("CFA").**

The CFA affords consumers broad protection by prohibiting any deception, omission or false promise. *Smith v. Prime Cable of Chicago*, 276 Ill. App. 3d 843, 856 (1st Dist. 1995). Section 2 of the CFA provides:

> **Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any <u>trade or commerce</u> are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act. 815 ILCS 505/2**

Page **6** of **17**

The CFA offers "a clear mandate to the Illinois courts to utilize the Act to the greatest extent possible to eliminate all forms of deceptive or unfair business practices and provide appropriate relief to consumers." *Totz v. Continental DuPage Acura*, 236 Ill. App. 3d 891, 901 (2d Dist. 1992). Notably, a consumer does not need to prove that defendant intended to deceive him; innocent misrepresentations or material omissions intended to induce the plaintiff's reliance (i.e., purchase) are actionable. *Duran v. Leslie Oldsmobile, Inc*., 229 Ill. App. 3d 1032, 1039 (2d. Dist. 1992). In the instant matter, all elements of a CFA claim for fraudulent representation, material omission, <u>and</u> unfair practices are met. Defendants engaged in the sale of vehicles in the course of Illinois trade or commerce, and during the purchase negotiations, are responsible for dealer statements which were not true—namely that the Vehicle had clean title. Defendant PRO CARS USA, Inc. either knew or should have known that the Plaintiff intended to purchase the Used 2023 Rolls-Royce Cullinan, 4D SUV VIN# SLATV4C04PU216316 with the understanding that he would in return receive an unencumbered Certificate of Title.

    *1. <u>Commercial "Unfairness" under Section 2 of the CFA</u>*

First, Defendants' misconduct constitutes *prima facia* commercial "unfairness" under Section 2 of the Act. Whether conduct is "unfair" under the CFA, is determined on a case-by-case basis and may be found if the conduct (1) offends public policy; (2) is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes consumers substantial injury. *Robinson v. Toyota Motor Credit Corp*., 201 Ill. 2d 403, 417-418 (2002). Conduct <u>need not</u> meet all three factors to be deemed "unfair" and can be established by the degree it meets one of the factors or to a lesser extent it meets all three. *Dubey v. Public Storage*, 395 Ill. App. 3d 342, 354 (1st Dist. 2009). Defendant's conduct as alleged in the FAC plainly offends Illinois public policy, including 815 ILCS 505/2ZZ, which requires within 21 days of the date of sale, the dealership

"remit payment to the lien holder to pay off the lien on the . . . sold motor vehicle" as well as 625 ILCS 5/5-102(i), 35 ILCS 105/3-55(h-1), 625 ILCS 5/3-113(a) (Dkt. #19 at ¶), but also at the most rudimentary level, the Illinois public policy of encouraging fair and honest commerce. *XL Specialty Insurance Co. v. Performance Aircraft Leasing, Inc.*, 2019 IL App (1st) 181031, ¶ 1. Selling a vehicle with the known inability to convey clean title is also both immoral, unethical, oppressive, and has the propensity to cause substantial injury to other consumers, presenting a public interest impact, to the extent it is a routine and regular practice of the Defendants, satisfying the second and third unfairness prongs as a matter of law.

    2. *"Deception" under Section 2 of the CFA.*

Additionally, Defendants' misconduct, misrepresentations, and omissions of material fact were likewise "deceptive" on its face. An act or practice is deceptive under Section 2 of the CFA, if it has the tendency or capacity to deceive (*Harwood v. Piser Memorial Chapels*, 102 Ill. App. 3d 514 (1st Dist. 1981) <u>or</u> it involves a material fact on which a consumer could be expected to rely in determining whether to engage in a transaction (*Heastie v. Community Bank of Greater Peoria*, 727 F. Supp. 1133 (N.D. Ill. 1989). Defendants' express and implied representations of the ability to convey clean marketable title are both material and maintain the capacity to deceive, which it clearly did here, to Plaintiff. To assert a claim of "deception" under the Act, a Plaintiff must establish the following elements: (1) defendant engaged in a deceptive act or practice; (2) with the intent that plaintiff rely on the deception, (3) which deception occurred in the course of conduct involving trade or commerce; (4) actual damages to the plaintiff; (5) proximately caused by the deception. *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 149 (2002). Once again, *all* of the elements have been met, including proximate cause of **substantial economic harm in the form of actual damages**.

Page **8** of **17**

3. *Damages: Actual, Consequential, and Punitive Damages Under the Illinois Consumer Fraud Act*.

Section 10(a) of the CFA provides that a successful plaintiff may petition for actual damages, punitive damages, and reasonable attorney's fees and costs. 815 ILCS 505/10a ("Any person who suffers actual damages as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages **or other relief which the court deems proper**.") (**emphasis** added).

As set forth in the accompanying Affidavit of Plaintiff Sheridan D. Price, Plaintiff constructively lost use of the Vehicle, placing it in storage on August 5, 2025, because he could not lawfully register the Vehicle in his home state of residence, Maryland, which meant he could not lawfully drive the Vehicle because doing so would subject him to potential traffic citations. In fact, on September 22, 2025—on his birthday, no less—he was actually issued a citation for driving without valid registration with a fine of $269.00. *See* Attached **Exhibit B,** Price Affidavit at ¶¶16, 19. Plaintiff paid $1,799 to have the Vehicle transported following his ACH transfer to purchase the encumbered Rolls Royce. *Id*. at ¶11. Since he was sold a vehicle subject to a lien in the amount of $272,922.59 (*Id.* at ¶12, at Exh. 2 thereof) and was not delivered clean title, Price sustained direct monetary damages in the amount of $300,603. *Id*. at ¶13, at Exh. 3, thereof. The cost to rent a comparable vehicle to the Rolls Royce would have exceeded $1,000 **per day**. *Id*. at ¶16. As a result, Price sustained additional consequential damages for replacement transportation in the amount of $150,133.21 (*Id*. at ¶17), as well as ongoing premium costs for automobile insurance ($4,743.44). *Id*. at ¶18. All said and done, excluding attorneys fees and litigation costs (*infra* §III) Plaintiff, sustained actual and consequential economic damages in the amount of **Four Hundred Fifty-Seven Thousand Five-Hundred Forty-Seven and 65/100 Dollars** ($457,547.65).

Though the CFA does not expressly permit the awarding of punitive damages, courts have interpreted the clause "[t]he court, in its discretion may award actual economic damages or other relief which the court deems proper" (815 ILCS 505/10a(a)) to include the awarding of punitive damages. *Black v. Iovino*, 219 Ill. App. 3d 378 (1st Dist. 1991). Punitive damages must be proportionate to the nature and enormity of the wrong. *Id*. Such damages must be limited to an amount that would deter a person who was without pecuniary resources. *Id*. *See also Dubey v. Public Storage, Inc*. 395 Ill. App. 3d 342, 356 (1st. Dist. 2009), *reh'g denie*d (Nov. 24, 2009) (holding that it is "undisputed that punitive damages are available for a violation of the [CFA]"). Punitive damages are properly assessed when one acts willfully, fraudulently, or with such gross negligence as to indicate a wanton disregard for the rights of others. *Gent v. Collinsville Volkswagen, Inc*., 116 Ill. App. 3d 496, 504 (5th Dist. 1983).

Here, the Pro Cars enterprise and all of its players, Arta, Astrit and "Tony" have engaged in willful and fraudulent misconduct with wanton disregard for the Plaintiff, plainly warranting the imposition of punitive damages. The Defendants essentially committed Class 1 felony criminal conversion in violation of 720 ILCS 5/16-1 (over $100,00) leaving the Plaintiff with nothing more than a glorified (and valueless) museum piece subject to potential repossession at any time by a lienholder. This is not a situation where only nominal actual damages are warranted, where even then, punitive damages can be apropos. *Kirkpatrick v. Strosberg*, 385 Ill. App. 3d 11 (2d. Dist. 2008) (affirming $300,000 in punitive damages despite award of only "nominal" actual damages). Rather, as outlined above, a considerable sum of $457,547.65 in actual damages <u>alone</u> is due. This Court should enter an award of punitive damages in an amount not less than ten times the actual damage amount, or **Four Million Five Hundred Seventy-Five Thousand Four-Hundred Seventy-Six and 50/100 Dollars (<u>$4,575,476.50)</u>**, which would not

only be proportionate to the nature and enormity of the wrong, but will also deter these Defendants from doing this again in the future to other consumers. Indeed, to this very day, Pro Cars presently has an "active" entity status with the Illinois Secretary of State[1] and continues to maintain a live website[2] soliciting other unsuspecting consumer victims into its web of deceit and lies.

4. *"Injunctive Relief" Under the Illinois Consumer Fraud Act*.

Deterrence is one thing; formal prevention is quite another entirely. In addition to allowing a successful plaintiff to petition for actual, consequential and punitive damages, the CFA also authorizes a successful plaintiff to petition the court for injunctive relief. Specifically, the CFA provides at Section 10a(c) that "[e]xcept as provided in subsections (f), (g), and (h) of this Section, in any action brought by a person under this Section, the Court may grant **injunctive relief where appropriate** . . ." 815 ILCS 505/10a(c) (**emphasis** added). To obtain injunctive relief under the CFA, a private plaintiff must satisfy a two-part legal threshold: first, they must establish standing to bring a private cause of action under the CFA by establishing the elements of a claim together with actual damages (C*hicago's Pizza, Inc. v. Chicago's Pizza Franchise Ltd. USA*, 384 Ill. App. 3d 849, 869 (2008), and second, they must demonstrate a likelihood of future harm. *Smith v. Prime Cable*, 276 Ill. App. 3d 843, 859 (1995). Price has established a *prima facia* claim for actual, consequential, and exemplary damages under the Act. He has also demonstrated not only the likelihood, but the certainty, of ongoing and future pecuniary harm.

---

[1] A fact this court can and should take judicial notice of pursuant to Fed. R. Evi. 201(b). *See* Illinois Secretary of State, BUSINESS ENTITY SEARCH, Search Terms "Pro Cars USA, Inc." available at https://apps.ilsos.gov/businessentitysearch/businessentitysearch (last visited July 9, 2026, at approximately 2:00 p.m.)

[2] Pro Cars USA, Inc., HOMEPAGE, available at https://procarsusa.com/ (last visited July 9, 2026, at approximately 2:01 p.m.);

Defendants continue to operate, ostensibly robbing Peter to pay Paul, meanwhile they have washed their hands from their responsibilities owing to Mr. Price having, after nearly 14 months following the consummation of the sale, failed to deliver clean title to him. As a result of Defendants' willful and wanton violations of the Act, Price continues to suffer acute financial harm leaving him in a state of ongoing non-compliance with Maryland registration laws, which, coupled with the fact that title is still not in his name, undermines the validity of the very expensive insurance policy he has procured to try to protect himself from further loss. Worst of all, Price faces the ongoing exposure to repossession of the Rolls Royce by the pre-existing lienholder. The Illinois General Assembly has declared this failure to clear liens and deliver clean title "causes financial harm by leaving customers liable for multiple loans and cause harm to the integrity of the motor vehicle retailing industry." 625 ILCS 5/5-102.7. That Price does not have a separate auto-loan, does not obviate the underlying purpose of this legislative edict, which is to call out the _very type of scourge of automobile dealership fraud and conversion_ suffered by Price here, which serves to undermine "the integrity of the motor vehicle retailing industry" (_Id._) on the whole.

And since there is a statutory right to injunctive relief at Section 10a(c) of CFA, and the impact on the "motor vehicle industry," is a vast public interest concern affecting "the country on the whole" all of the traditional elements of equitable injunction[3] need not be met. _Postma v. Jack Brown Buick_, 157 Ill. 2d 391, 400 (1993) (declaring that normal rules of equity requiring a showing of a lack of an adequate remedy at law and irreparable injury do not apply where a statute expressly authorizes injunctive relief, but only "where a statute is such that even an isolated violation of its terms is presumed to cause irreparable harm to the country as a

---

[3] The elements include: (1) a certain and clearly ascertainable right in need of protection; (2) irreparable harm; (3) no adequate remedy at law, and (4) the likelihood of prevailing on the merits. _Virendra S. Bisla, M.D. Ltd. v. Parvaiz_, 379 Ill. App. 3d 567, 572 (1st Dist. 2008).

Page **12** of **17**

whole…"). Even if Price is required to demonstrate the traditional elements necessary to plead for injunctive relief, he has done so, here. The Plaintiff's inability to fully utilize, transfer, or evaluate the long-term depreciation value of a vehicle lacking marketable title represents an intangible but real damage that is not readily measurable or fully compensable by a simple one-time award of actual economic damages.

For all of these reasons, this Court should permanently enjoin Pro Cars and the individual Defendants in this action from continuing to engage in the business of automobile dealership, including sales, acquisition, or liquidation, or in the alternative, enjoin the Defendants until such a time as it delivers clean and marketable title to the Plaintiff.

5. *"Other Relief" Under the Illinois Consumer Fraud Act and the Claims asserted in the First Amended Complaint at Counts IV and V*.

As discussed above, Section 10(a) of the CFA provides vests the Court, at its discretion, to award not only actual economic damages, but also "**other relief which the court deems proper**.") 815 ILCS 505/10a (**emphasis** added). "Any other relief" under Section 10a of the Act "should be understood as broader" than the other Sections of the Act granting injunctive relief, fees and costs, to include consequential damages such as aggravation and inconvenience, as well as nonmonetary, equitable remedies, such as rescission. *Wilson v. Napleton's Goldcoast Imps., Inc.*, 2025 IL App. (3d) 240079 at ¶76. The equitable remedy of "rescission" under the Act runs parallel to the theories advanced in the FAC at Counts VI ("Action to Recover the Price under the UCC") and Count V ("Revocation") to unwind the deal and put Price back into the *status quo ante* for the material misrepresentation and intentional fraud perpetrated by the Defendants, namely, that the Rolls Royce was conveyed without valid title, which substantially impaired the value of the Vehicle. However, since "[a] remedy based on a theory of disaffirmance of a contract (rescission) is inconsistent with a remedy arising out of its affirmance (e.g., damages) . .

. [and] the election of either remedy is an abandonment of the other" (*Newton v. Aitken*, 260 Ill. App. 3d 717, 720 (2d. Dist. 1994)) Plaintiff seeks the equitable "other relief" whether under Section 10a of the Act, the UCC or the MMWA, of rescission or revocation as an alternative to damages and injunctive relief.

### D. Liability under Count I (Breach of Implied Warranty under MMWA) and Count III (Conversion of Money under Common Law and MMWA.

Finally, Count I (Breach of Implied Warranty under MMWA) and Count III (Conversion of Money under Common Law and MMWA), seeks redress in the form of monetary relief as well, for the Defendants' contemptuous and unlawful breach of the implied warranty of title in violation of 810 ILCS 5/2-312 and for conversion of the Plaintiff's funds, wherein both counts seek an award for monetary and exemplary damages for pecuniary loss suffered by the Plaintiff pursuant to 15 U.S.C. §2310(d). As outlined in the FAC and herein, the merits of these claims is also clearly made. However, the relief sought in these Counts is redundant to the relief sought under Count II (CFA).

### III. ATTORNEYS' FEES AND LITIGATION COSTS.

The unequivocal language of the CFA, and the public policy considerations in support of the Act, clearly entitles Plaintiffs to the recovery of their attorney's fees and costs in this matter. 815 ILCS 505/10a(c) states: "[I]n any action brought by a person under this Section, the Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party." In order to further the legislative intent of the CFA, the private bar must play a role in the enforcement of the Act. Thus, the provisions of the Act authorizing the shifting of fees are designed to encourage litigation and private enforcement. Further, the fee shifting provision ". . . enables consumers to vindicate their rights in many instances. This, in turn, benefits society in general, resulting in

greater deterrence of fraudulent and deceptive business practices." *Totz v. Continental Du Page Acura,* 236 Ill. App. 3d 891, 910 (2nd Dist. 1992).

The various Counts in the FAC are so intertwined that clear delineation of fees on different non-CFA counts is not feasible. Illinois courts have routinely determined that if various counts in a complaint are so intertwined as to prevent a clear delineation of fees that fees on the whole of the case may nonetheless be awarded. *See Majcher v. Laurel Motors, Inc.*, 287 Ill.App.3d 719 (2d Dist. 1997). In *Dubey v. Public Storage, Inc.*, 395 Ill. App. 3d 342 (1st. Dist. 2009) it was held that the trial court did not commit error by granting attorneys' fees for work performed prior to the time the CFA claim was added to the second amended complaint. Fees incurred for work on non-CFA claims may be recovered when the CFA claims and the non-CFA claims are so inextricably intertwined that the claims cannot be distinguished. *Dubey v. Public Storage, Inc*. 395 Ill.App.3d 342 (1st Dist. 2009). In the case at bar, it is clear that the claims for common law conversion, breach of warranty, and UCC related claims are so intertwined with Plaintiff's claim under the CFA that it cannot reasonably be distinguished.

For a comprehensive list of Plaintiff's attorneys' fees, see the Declaration of Plaintiff's Attorney Robert J. Tomei Jr. which is attached hereto at **Exhibit B** (Price Affidavit) *at* **Group Exhibit 6,** thereof, which includes Plaintiff's Counsel's Time and Expense Log. Please also see the Declaration of Plaintiff Sheridan D. Price which has been previously attached hereto as **Exhibit B**. To the extent the Court desires more information to make a ruling on the reasonableness of fees and costs sought herein, Plaintiff respectfully requests that this court grant him leave to file a separate fee petition.

## IV.     PRAYER FOR RELIEF.

**WHEREFORE**, Plaintiff, Sheridan D. Price, by and through his attorney, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant(s), as follows:

| | | |
|---|---|---|
| 1. | Actual Damages[4] | $457,547.65 |
| 2. | Punitive Damages | $4,575,576.50 |
| 3. | Plaintiff's Attorney Fees to Date | $22,245.00 |
| 4. | Litigation Costs[5] | $597.70 |
| **TOTAL:** | | **$5,055,966.85** |

Praying further, Plaintiff respectfully requests that this Honorable Court enter a permanent injunction against the Defendants Pro Cars, USA, Inc., Arta Gashi, Astrit Gashi, and Tony Gashi, from continuing to engage in the business of automobile dealership, including sales, acquisition, or liquidation, or in the alternative, enjoin the Defendants until such a time as it delivers clean and marketable title to the Plaintiff.

| | |
|---|---|
| Robert J. Tomei Jr. | Respectfully Submitted, |
| IL Bar No.: 6310339 | By: */s/ Robert J. Tomei Jr.* |
| JOHNSTON TOMEI | One of the Attorneys for Plaintiff |
| & GOLDBERG, LLC | |
| 350 N Milwaukee Avenue, Suite 202 | |
| Libertyville, IL 60048 | |
| Telephone: (847) 596-7494; | |
| Facsimile: (847) 589-2263 | |
| E: Rob@LawJTLG.com | |

---

[4] This includes litigation costs. *See* § II(C)(3), included within the Price Affidavit at **Exh. B**. The Actual Damages total includes litigation costs totaling $2,089.90 for service processer invoices from Gazelle Process and Investigations and Krimson Process and Investigations.

[5] This accounts for litigation costs not included within **Exh. B**. The litigation costs totaling $597.70 includes, Civil Case Filing Fee for Federal Court, Document Requests such as FL HSMV Records Requests, IL SOS Title Search, New Hampshire DMV Title Search, and Good Car Report, and Mailing Costs associated with Correspondence delivered to Defendant(s) Pro Cars USA, Arta Gashi, Astrit Gashi and Tony Gashi throughout representation.

## CERTIFICATE OF SERVICE

I, Robert J. Tomei Jr., an attorney, hereby certify that on July 14, 2026, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record. Service of the forgoing document has further been effectuated on the below identified parties, as follows:

**Via E-Mail**
*Counsel for Defendant(s) Pro Cars USA., Inc., Arta Gashi, Astrit Gashi, and Tony Gashi*
Kimberly Herring,
Amundsen Davis
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Email: kherring@amundsendavislaw.com

**Via USPS First Class Mail**
*Defendant(s) Pro Cars USA., Inc., Arta Gashi, Astrit Gashi, and Tony Gashi*
Pro Cars Usa, Inc., Arta Gashi, Astrit Gashi and Tony Gashi
5630 West 120th Street
Alsip, IL 60803

Respectfully Submitted,
Plaintiff Sheridan Price
By: /s/ *Robert J. Tomei Jr.*
One of the Attorneys for Plaintiff

Page **17** of **17**

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**SHERIDAN D. PRICE,**

     **Plaintiff,**

**v.**

**PRO CARS USA, INC., ARTA GASHI, ASTRIT GASHI, and TONY GASHI, Individually.**

     **Defendant(s).**

**Case No. 25-CV-15196**

**Hon. Judge LaShonda A. Hunt**

**Magistrate Judge Albert Berry**

## AFFIDAVIT AS TO MILITARY STATUS

I, the undersigned, an attorney on oath state:

With respect to the Defendant(s) Arta Gashi, Astrit Gashi and Tony Gashi, Plaintiff has contacted the United States Department of Defense regarding their current military statuses. The United States Department of Defense has responded stating that it does not possess any information indicating that Arta Gashi, Astrit Gashi, nor Tony Gashi are currently on active duty in the United States Military.

Respectfully submitted,
JOHNSTON, TOMEI AND GOLDBERG, LLC

By:    /s/ Robert J. Tomei Jr.
       Attorney for the Plaintiff

Robert J. Tomei Jr.
Attorney # 6310339
Johnston, Tomei & Goldberg, LLC
350 N Milwaukee Avenue
Suite 202
Libertyville, IL 60048
(847) 549-0600
Rob@lawjtlg.com

Department of Defense Manpower D t  Center



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

N:

Birth D te:     Mar-XX-1982

Last Name:     GASHI

First Name:     TONY

Middle Name:

Status As Of:     Jun-24-2026

Certificate ID:     KY  YJB9FT1VB858

| On Active Duty On Active Duty Status D te | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | tatu | Service Component |
| NA | NA | No | NA |
| Thi  re ponse reflects the individuals' active duty  tatus b sed on the Active Duty  tatus Date | | | |

| Left Active Duty Within 367 Days of Active Duty  tatus D te | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | tatu | Service Component |
| NA | NA | No | NA |
| Thi  re pon e reflects where the individual left active duty status within 367 days preceding the Active Duty  tatus  ate | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active  uty Status Date | | | |
|---|---|---|---|
| Order Notification Start  ate | Order Notification End Date | tatu | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notific tion to report for active duty | | | |

Upon searching the dat  banks of the  epartment of Defense M npower D ta Center, b  ed on the inform tion that you provided, the above is the  tatus of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public He lth, and Co  st Guard).  This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY AS  ERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

Department of Defense Manpower Data Center

SCRA 5.29



## Status Report
## Pursuant to Servicemembers Civil Relief Act

SSN:

Birth Date:      Mar-XX-1982

Last Name:      GASHI

First Name:     ASTRIT

Middle Name:

Status As Of:    Jun-24-2026

Certificate ID:   G0YG90NK7FTH9GG

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard).  This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

Department of Defense Manpower Data Center

Results as of : Jun-24-2026 11:11:46 AM EDT

SCRA 5.29



## Status Report
## Pursuant to Servicemembers Civil Relief Act

SSN:            XXX-XX-1294
Birth Date:     Jan-XX-1984
Last Name:      GASHI
First Name:     ARTA
Middle Name:
Status As Of:   Jun-24-2026
Certificate ID: 0MK5VCQM9K2QH2F

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

# **Exhibit B**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SHERIDAN D. PRICE,
    Plaintiff,

v.                                       Case No. 25-cv-15196

PRO CARS USA, INC. and ARTA GASHI, ASTRIT
GASHI, and TONY GASHI, Individually.
    Defendant(s).

### AFFIDAVIT OF SHERIDAN D. PRICE

    I, Sheridan Price, under penalties as provided by law pursuant to 28 U.S.C. §1746 of the Federal Rules of Civil Procedure, the undersigned certify that the statements set forth below, are true and correct, except as to matters therein stated to be on information and belief, and so as to such matters the undersigned certifies as aforesaid that s/he verily believes the same to be true, to wit:

    **1.**    That I am over the age of eighteen (18), and I am competent to testify at a hearing should I be so required.

    **2.**    That I have personal knowledge of the facts contained within this affidavit.

    **3.**    That if requested to do so, I would testify in accordance with the facts contained within this affidavit.

    **4.**    That I am the Plaintiff in the above captioned civil proceedings.

    **5.**    That on or about December 15, 2025, I initiated the captioned civil action before the Northern District of Illinois, styled as *Sheridan Price/Plaintiff vs. Pro Cars USA, Inc. /Defendant*, Case No. 25-CV-15196.

    **6.**    That on or about February 18, 2026, and based upon additional information acquired after initiating the action originally on December 15, 2025, regarding the individual Defendants Arta Gashi, Astrit Gashi, and Tony Gashi, and their respective involvement in the business operations of Pro Cars USA, Inc., I filed my First Amended Complaint ("FAC") (Dkt. 19) in the captioned case, formally naming the Individual Defendant(s) *Arta Gashi, Astrit Gashi, and Tony Gashi.*

*S. Price Affidavit*
Page **1** of **4**

7.     That I have reviewed my FAC as well as this instant Affidavit and based on my review of the FAC as stated above, I believe that the FAC is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

8.     That I have filed this action and the FAC in good faith and solely for the purposes set forth in each document.

9.     That on about May 29, 2025, I purchased a luxury used 2023 Rolls-Royce Cullinan, VIN #SLATV4C04PU216316 ("Vehicle") from Pro Cars USA, Inc. located at 5630 West 120th Street, Alsip, Illinois 60803.

10.    That Pro Cars USA, Inc., and the Individual Defendants involved in the enterprise, implied merchantability of the Vehicle including the ability to convey clean and marketable title but as of the date of the execution of the instant Affidavit, the Defendant(s) have been unable to convey clean title such that I have been unable to register the Vehicle in my home state of Maryland, am unable to acquire valid license plates, am therefore unable to drive the Vehicle, and have been forced to pay to store the Vehicle.

11.    That I arranged for the Vehicle to be transported by Aktau, LLC, from Pro Cars USA, Inc's store in Alsip, Illinois, to my home at the cost of **One Thousand Seven Hundred Ninety-Nine and 00/100 Dollars ($1,799.00),** which was in fact delivered on June 8, 2025, at 5:46 p.m., to my residence in Bethesda, Maryland, however, without the Certificate of Title assigning and or conveying Defendant's interest in the Vehicle to me. *See* Attached **Exh, 1**, Aktua, LLC, Invoice.

12.    That in February 2026, after the FAC was filed, Defendant Tony Gashi, acknowledged that the Defendant was unable to convey clear title due to an existing encumbrance that it failed to pay following receipt of my purchase funds from me on May 29, 2025, and further represented that the loan payoff was around $180,000.00, and could be paid off in approximately 3 months' time. However, as of May 20, 2026, I was able to ascertain that the title to the Vehicle is currently vested with "Champions Truck Trailer and RV" and current payoff balance owed to the secured lender BMW Financial Services, with a payoff good through date of May 30, 2026, being **Two Hundred Seventy-Two Thousand Nine Hundred Twenty-Two and 59/100 Dollars ($272,922.59).** *See* Attached **Exhibit 2,** May 20, 2026, Payoff Quote.

13. That in addition to the forgoing, on or about February 6, 2026, the Independent Automotive Expert I retained, Mr. Donald Szczesniak, opined in his "Initial Damage Report" that I have suffered direct money damages in the amount of Three-Hundred Six-Hundred Three and 03/100 Dollars ($300,603.03). *See* Attached **Exhibit 3**, Szczesniak Damage Report.

14. That the expense incurred for the investigation and Initial Damage Report of Mr. Donald Szczesniak, was **Two Thousand and 00/100 Dollars ($2,000).** *See* Attached, **Exhibit 4**, Szczesniak Invoice.

15. That to date, and as stated above, I still do not have the Certificate of Title for the luxury used Vehicle within my possession and therefore have lost out on the use and enjoyment of the Vehicle, forcing me to expend additional funds for relatively comparable replacement transportation

16. That the going market rate for the rental of a 2023 Rolls Royce Cullinan varies from roughly $1,500 to $2,500 **per day**. From the day the Vehicle was placed in storage, which was approximately August 5, 2025, to the date of the execution of the instant Affidavit, the total cost I would have borne to pay for replacement transportation of the same Vehicle, would have cost me on the low end of the spectrum over **Five Hundred Thousand Dollars ($500,000) ($1,500 x 334 days)**.

17. That since it was not financial practical for me to bear the cost of renting the same vehicle at the going rate, I relied primarily on driving services having expended as of the time of the execution of the instant Affidavit, **One Hundred Fifty Thousand, One Hundred Thirty-Three and 21/100 Dollars ($150,133.21)** using alternate transportation methods as outlined in the fee chart, below:

| | |
|---|---|
| Uber: | $127,431.76 |
| Lyft: | $2,320.86 |
| Black Lane: | $11,691.23 |
| Turo: | $8,689.36 |
| **Total:** | **$150,133.21** |

18. That in addition to the cost of daily transportation, since the date of purchase, I have continued to pay my monthly Car Insurance dues to State Farm totaling **Four Thousand, Seven Hundred Forty-Three and 44/100 Dollars ($4,743.44).** *See* Attached **Exhibit 5**, Car Insurance Invoices.

*S. Price Affidavit*
Page **3** of **4**

19.     That on September 22, 2025, my birthday, I decided to take my 2023 Rolls Royce Culligan for a leisurely ride, as anyone with a luxury car should be allowed; however, on this rare occurrence that the Vehicle was driven, I was pulled over and issued a ticket for driving without valid registration, the fine for which was **Two Hundred and Sixty-Nine and 00/100 Dollars ($269.00)**, excluding attorney fees incurred for court hearings, which are still ongoing.

20.     That in addition to the forgoing, as of the date of the last invoice I received in this matter dated June 19, 2026, I have incurred approximately **Seventeen Thousand Ninety-One and 60/100 ($17,091.60)** in out-of-pocket attorney's fees and litigation costs, including **One Thousand Seven-Hundred Forty-Two and 38/100 Dollars ($1,742.38)** on Special Process Server Invoices alone because the Individual Defendant(s) Arta Gashi, Astrit Gashi and Tony Gashi repeatedly and intentionally avoided traditionally personal service. *See* Attached **Group Exhibit 6,** Affidavit of R. Tomei, Including Redacted Attorney Fee Statement.

Under penalties as provided by the law pursuant to 28 U.S.C. §1746 of the Federal Rules of Civil Procedure, the undersigned certifies that the statement set forth in this instrument are true and correct, except as to the matters therein state to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Affiant further states: Naught

Dated this ___6, July, 2026___.

_____
Sheridan D. Price

*S. Price Affidavit*
Page **4** of **4**

# Exhibit 1

The auto transporter will call your pick-up contacts(s) at the telephone number(s) you have designated on your order. If you wish to speak with the auto transporter directly, you can **call Aktau 7292 LLC, dispatch at 878-888-2475 or the trucker, Yerbol Kalmagambetov, at (704) 397-3248**.

## Summary for Order #2810926

| | |
|---|---|
| Pick up: | **Alsip, IL 60803** |
| Delivery: | **Silver Spring, MD 20906** |
| Vehicle: | **2023 Rolls-Royce Cullinan** |
| Transport type: | **Enclosed** |
| Type of service: | **Door-to-Door** |
| Vehicle condition: | **Running** |
| Reg. number # : | |
| VIN # : | |
| Total price: | **$1799** |
| Payment required: | **$1799** |
| Payment received: | **$1799** |

# Exhibit 2

## Loan Payoff Confirmation

| PAYOFF GOOD UNTIL | TOTAL PAYOFF |
|---|---|
| **Saturday, May 30, 2026** | **$272,922.59** |

Date: **05/20/2026**

Payoff To: **RRMC Miami**

Account Number: **2000351704**

Customer Name: **Champions Truck Trailer And Rv**

Vehicle: **2023 Rolls-Royce Cullinan**

VIN: **SLATV4C04PU216316**

Contract Type: **New Select**

Maturity Date: **12/26/2027**

Payoff By: **BMW Financial Services - (877) 269-3577, Option 2, Option 2**

The Payoff may include items such as personal checks that have not cleared yet and is subject to increase on the return of any such items.

# Exhibit 3

**Donald Szczesniak**
POB 125
La Grange IL 60525

## INITIAL CONSULTING REPORT

**Transaction:**

Sheridan Price's (Price) purchase of a 2023 Rolls-Royce Cullinan VIN SLATV4C04PU216316, from Pro Cars USA (Pro Cars).

**Analysis:**

After viewing a Pro Cars' advertisement 'Ex.A', Price purchased a 2023 Rolls-Royce Cullinan for a $299,995 Vehicle Sale Price, per a May 29, 2025, Buyer's Order 'Ex.B'. The Buyer's Order itemizes Optional ERT (Electronic Registration Transfer) Fee $25, Documentary Fee of $358.03, Title $75, and Registration $150, resulting in a $300,603.03 total. Price tendered a $5,000 down payment, wired the $295,603.03 balance, and the Cullinan was delivered to him with a driveaway temporary registration. Pro Cars provided an Odometer Disclosure Statement (8100 miles) 'Ex.C' and an FTC (Federal Trade Commission) nonconforming BUYERS GUIDE 'Ex.D' which did not contain an "<u>IMPLIED WARRANTIES ONLY</u>" disclosure (sample 'Ex.E').

Once the Cullinan was delivered in Maryland, the vehicle was taken to Rolls-Royce's Sterling Motorcars for an inspection on June 13, 2025, with 8465 miles per a Carfax 'Ex.F'. Price began driving the Cullinan regularly, until the temporary registration lapsed. Simultaneously, he was contacting Pro Cars for the vehicle's title so he could obtain license plates and be listed as owner on a new title. However, rather than Pro Cars sending the title to Price in Maryland so the Cullinan could be properly plated and registered, the Carfax shows the vehicle was titled and a lien recorded in New Hampshire on August 6, 2025. Pro Cars failed to provide the Cullinan's title to Price for registration. As a result, the vehicle has been in storage because the temporary registration had expired.

A BADVIN Report 'Ex.G' reports this Cullinan (35 miles) was purchased December 27, 2022, in New Hampshire, serviced in Florida December 28, 2022, registered in Florida, and titled or registered in New Hampshire December 31, 2022. On September 20, 2023, the Cullinan (711 miles) was reported offered for sale in Illinois at Gold Coast Auto Gallery Chicago. Just over on month later, Pro Cars began offering the Cullinan (1160 miles) October 24, 2023, and listing the vehicle (1803 miles) at dealer auto auctions with substandard photographs 'Ex.H'. After enhanced photographs 'Ex.I' appear in the auction listings, Pro Cars lists the Cullinan (5207 miles) in classifieds beginning November 24, 2024, and for the next six months, until Price's purchase.

Pro Cars and its employees have overlooked Illinois Dealer Compiled Statutes, by selling this Cullinan to Price without providing a good title. It is my opinion Pro Cars titling agent knew Cullinan's title would not be provided to Price, because even months after the sale, the vehicle's

1

title or Certificate of Origin was processed in New Hampshire on August 6, 2025, with a lien recorded and an owner recorded other than Price.

**Conclusive Opinion**

It is my opinion that Pro Cars USA and its employees failed to disclose the dealership did not have proper title to the Cullinan prior to its sale and caused an encumbrance to the title after the sale. This was carried out by Pro Cars by: 1) leading consumers to believe that the title was unencumbered making the vehicle merchantable prior to its classified listing, and then 2) allowing Price to rely on an Illinois licensed dealership statutes, Pro Cars USA, to represented this Cullinan as merchantable and ready for sale with a transferable title or Certificate of Origin.

I opine the direct money damages suffered by Price is the $300,603.03 paid, plus any ownership expenses, and costs of returning the vehicle to Illinois. This information has been obtained from the Invoice 'Ex.B', and all other included documents. This financial hypothesis does not include punitive damages, aggravation, inconvenience, and attorney's fees.

This opinion statement is made under penalties as provided by law under section 1-109 of the Civil Procedure, the undersigned certifies that this affidavit is true and correct, except as to matters therein stated to be on information and belief and as to such, undersigned certifies analysis to be true.

This conclusion is based upon 36 years' experience in the automotive remarketing business.

CONSULTING PURPOSES ONLY

Donald Szczesniak
February 6, 2026

2

**Exhibit**

# A

**Pro Cars USA**
**Cullinan  Classified Listing**
**May 29, 2025**

A












7:24 AM   Sat Feb 7

7:24 AM   100%

badvin.com

| | |
|---|---|
| Year | 2023 |
| ODO | 7,150 mi |
| Seller | Pro Cars USA Inc (Dealer) |
| Location | N/A |
| Date | appeared 8 months ago (2025-05-29) |
| | latest price $299,995 |
| | sale post disappeared 8 months ago |
| Price History | $339,995 → $299,995 (10 months ago) |
| Sale Website Type | classifieds |

sale information provided by crave #144815

Ex. A

**Exhibit**

# B

**Pro Cars USA**
**Buyer's Order & Sales' Documents**
**May 29, 2025**

B

# Buyer's Order

**Dealer/Seller Name and Address**
PRO CARS USA
5630 W 120th St
Alsip, IL 60803

(708) 926-9690

Date 5/29/2025
App No.

Stock No.  PC2330
Contract No. 4814

**Buyer Name(s) and Address(es)** ·**Montgomery.**
Sheridan Dennis Price
7001 Arlington Rd Apt 424
Bethesda, MD 20814
(240) 475-7200

Salesperson  Mike Abazaj

## Vehicle Information

☐ New    ☒ Used    ☐ Demo
Year 2023
Make Rolls-Royce
Model Cullinan
Body Style  4D SUV
VIN SLATV4C04PU216316
Other

Lic. No.
Odometer Reading 8100
Color Gray

## Insurance Information

Buyer has arranged insurance on the motor vehicle.
Insurance Company
Policy No.

## Trade-In Information

**Trade-in 1**
Year
Make
Model
Body Style
VIN
Lienholder Name
Address

Lic. No.
Odometer Reading
Color

Phone
Payoff good through
Approved

Payoff  N/A

**Trade-in 2**
Year
Make
Model
Body Style
VIN
Lienholder Name
Address

Lic. No.
Odometer Reading
Color

Phone
Payoff good through
Approved

Payoff N/A

## Notices

### FOR USED VEHICLES ONLY

Illinois law requires that this vehicle will be free of a defect in a power train component for 15 days or 500 miles after delivery, whichever is earlier, except with regard to particular defects disclosed on the first page of this agreement. "Power train component" means the engine block, head, all internal engine parts, oil pan and gaskets, water pump, intake manifold, transmission, and all internal transmission parts, torque converter, drive shaft, universal joints, rear axle and all rear axle internal parts, and rear wheel bearings. You (the consumer) will have to pay up to $100 for each of the first 2 repairs if the warranty is violated.

ATTENTION CONSUMER: SIGN HERE ONLY IF THE SELLER HAS TOLD YOU THAT THIS VEHICLE HAS THE FOLLOWING PROBLEM OR PROBLEMS AND YOU AGREE TO BUY THE VEHICLE ON THOSE TERMS:
ATENCIÓN CONSUMIDOR: FIRME AQUÍ SOLAMENTE SI EL VENDEDOR LE HA DICHO QUE EL VEHÍCULO TIENE EL/LOS SIGUIENTE(S) PROBLEMA(S) Y USTED ESTÁ DE ACUERDO EN COMPRAR EL VEHÍCULO SEGÚN ESTOS TÉRMINOS:

1. _____

2. _____

3. _____

X _Sheridan Dennis Price_____ 5/29/2025
Buyer Signs  Sheridan Dennis Price          Date

Buyer Signs                               Date

Buyer Signs                               Date

Buyer's Order-IL
The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.
BUY-ORDER-IL 1/1/2020
Bankers Systems®
Page 1 of 3

Ex. B

Case: 1:25-cv-15196 Document #: 1 Filed: 12/15/25 Page 23 of 35 PageID #:23

## Itemization of Sale

| | | |
|---|---|---|
| 1. Vehicle Sales Price | $ | 299995.00 |
| 2. Sales Tax | $ | N/A |
| 3. Other Tax(es) _____ | $ | N/A |
| 4. Subtotal (Add lines 1 + 2 + 3) | $ | 299995.00 |

**Title, License, Other Fees & Taxes**

| | | |
|---|---|---|
| 5. Optional ERT Fee | $ | 25.00 |
| 6. Documentary Fee* | $ | 358.03 |
| 7. License _____ | $ | N/A |
| 8. _____ | $ | N/A |
| 9. Title | $ | 75.00 |
| 10. Registration | $ | 150.00 |
| 11. _____ | $ | N/A |
| 12. _____ | $ | N/A |
| 13. Subtotal (Add lines 5 through 12) | $ | 608.03 |

**Additional Items**

| | | |
|---|---|---|
| 14. _____ | $ | N/A |
| 15. _____ | $ | N/A |
| 16. _____ | $ | N/A |
| 17. _____ | $ | N/A |
| 18. _____ | $ | N/A |
| 19. _____ | $ | N/A |
| 20. _____ | $ | N/A |
| 21. _____ | $ | N/A |
| 22. _____ | $ | N/A |
| 23. _____ | $ | N/A |
| 24. _____ | $ | N/A |
| 25. Subtotal (Add lines 14 through 24) | $ | N/A |
| 26. Cash Sale Price (Add lines 4 + 13 + 25) | $ | 300603.03 |
| 27. Trade-In Allowance | $ | N/A |
| 28. Less Payoff | $ | N/A |
| 29. Net Trade Allowance (Line 27-28) | $ | N/A |
| 30. Cash Down Payment | $ | 295603.03 |
| 31. Manufacturer's Rebate | $ | N/A |
| 32. Deferred Down Payment | $ | 5000.00 |
| 33. Other Down Payment Deferred Down | $ | N/A |
| 34. Total Down Payment (Add lines 29 through 33) | $ | 300603.03 |
| 35. Total Balance Due (Line 26-34) | $ | N/A |

*DOCUMENTARY FEE. A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATED TO CLOSING OF A SALE. THE BASE DOCUMENTARY FEE BEGINNING JANUARY 1, 2020, WAS $300. THE MAXIMUM AMOUNT THAT MAY BE CHARGED FOR A DOCUMENTARY FEE IS THE BASE DOCUMENTARY FEE OF $300, WHICH SHALL BE SUBJECT TO AN ANNUAL RATE ADJUSTMENT EQUAL TO THE PERCENTAGE OF CHANGE IN THE BUREAU OF LABOR STATISTICS CONSUMER PRICE INDEX. THIS NOTICE IS REQUIRED BY LAW.

## Additional Terms

**Definitions.** Contract refers to this Buyer's Order. The pronouns you and your refer to each Buyer signing this Contract. The pronouns we, us and our refer to the Dealer/Seller. Vehicle means the motor vehicle described in the Vehicle Information section. Trade-In Vehicle(s) refers to the vehicle described in the Trade-in Information section that is being traded to the Dealer/Seller as part of this transaction. Manufacturer refers to the entity that manufactured the Vehicle.

**Agreement to Purchase.** You agree to buy the Vehicle from us for the price stated in this Contract. You agree to sign any documents necessary to complete this transaction. Unless you have cancelled this Contract under the condition described in the Manufacturer section, if you refuse to take delivery of the Vehicle, we can keep any deposits you have made to us, and you will be liable to us for all of our damages and expenses in connection herewith, including but not limited to reasonable attorneys' fees.

You represent that you are of legal age and have legal capacity to enter into this Contract.

**Manufacturer.** We are not an agent of the Manufacturer. Manufacturer can change the price, design or standard features of the Vehicle at any time without notice. If we cannot obtain the Vehicle from the Manufacturer at the price in effect as of the date of this Contract, or if we cannot obtain the agreed upon product from the Manufacturer, you or we can cancel this Contract.

If you cancel this Contract under the terms of this section, we will refund to you any amounts you have paid to us. If you have delivered a Trade-In Vehicle to us, we will return it to you. If we have already sold the Trade-in Vehicle, we will pay you the trade-in allowance after adjusting for any payoff to a lienholder.

**Insurance.** The insurance information you have given us is accurate.

**Trade-In Vehicle.** You will transfer title to the Trade-In Vehicle to us free of all liens except those noted on this Contract. You give permission to us to contact the lienholder(s) for payoff information. If the payoff information that we obtain from the lienholder(s) differs from the amount disclosed in this Contract, you agree to pay the difference to us if the actual amount of the balance owed is greater than the amount listed in this Contract. If the actual amount of the balance owed is less than the amount listed in this Contract, then we will pay you the difference.

If you do not deliver the Trade-In Vehicle to us at the time of the initial appraisal, we may reappraise the Trade-In Vehicle when it is delivered to us. If the reappraised value is lower than the original appraisal, you can cancel this transaction as long as you have not taken delivery of the Vehicle.

You represent that (a) you are the sole true and lawful owner of the Trade-In Vehicle, (b) the Trade-In Vehicle has never been titled under any state or federal "brand" such as "defective," "rebuilt," "salvage," "flood," etc., (c) the mileage of the Trade-In Vehicle shown in this Contract is the actual mileage of the Trade-In Vehicle, (d) all emission control equipment is on the Trade-In Vehicle and is in satisfactory working order, and (e) the Trade-In Vehicle has not been damaged by collision or other event and repaired. If any of these representations are not true, we may elect to cancel the transaction. We may also choose to reappraise the Trade-In Vehicle and adjust the Total Balance Due instead of cancelling the transaction. You agree to immediately pay us the difference.

**Retail Installment Contract.** In the event that you and we enter into a retail installment contract for the financing of the purchase of the Vehicle, the terms of the retail installment contract will control any inconsistencies between this Contract and the retail installment contract.

**Vehicle Inspection.** You are purchasing the Vehicle based upon your personal inspection, and are not relying upon any opinion, statement, promise or representation of the salesperson, or any other of our employees that is not contained in the written agreements you are signing today.

**Vehicle Condition.** You understand that the Vehicle may have sustained prior body damage and may have undergone prior mechanical repairs during or after its manufacture, during or after transit to us or while in the possession of prior owners or operators.

Buyer's Order-IL
The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

BUY-ORDER-IL 1/1/2020
Bankers Systems©
Page 2 of 3

## Warranty Information

**WARRANTIES SELLER DISCLAIMS**

If the vehicle you purchased is a new vehicle, unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or fitness for a particular purpose.

If the vehicle you purchased is a used vehicle, unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no express warranties on the vehicle, and there will be no implied warranties of fitness for a particular purpose. The vehicle is subject to an implied warranty of merchantability, but only to the extent required by Illinois law. The implied warranty of merchantability expires at midnight of the 15th calendar day after delivery of the vehicle or until the vehicle is driven 500 miles after delivery, whichever is earlier. This implied warranty of merchantability does not extend to damage that occurs after the sale that results from: (1) off-road use; (2) racing; (3) towing; (4) abuse; (5) misuse; (6) neglect; (7) failure to perform regular maintenance; and (8) failure to maintain adequate oil, coolant and other required fluids or lubricants.

The above provisions do not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**Used Car Buyer Notice.** If you are buying a used vehicle, the information you see on the window form for this Vehicle is part of this Contract. Information on the window form overrides any contrary provisions in the contract of sale.

**Spanish Translation:** Guía para compradors de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

## Additional Notices

☐ You understand that the balance owed on the Trade-in exceeds the Trade-in Allowance and that as a result the Total Balance Due has been increased by this $ _N/A_ of negative equity.

# NO PUBLIC LIABILITY INSURANCE ISSUED WITH THIS TRANSACTION

## Signatures

This agreement is not binding upon the Dealer/Seller until it is signed by an authorized representative of the Dealer/Seller.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it. This is the complete agreement; there are no other written or oral agreements.

☐ A separate Arbitration Agreement is a part of this Contract.

Buyer Signs  Sheridan Dennis Price                     5/29/2025
                                                          Date

Buyer Signs                                              Date

Buyer Signs                                              Date

Dealer/Seller  PRO CARS USA                             5/29/2025
                                                          Date

Buyer's Order-IL
The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

BUY-ORDER-IL 1/1/2020
Bankers Systems®
Page 3 of 3

Case: 1:25-cv-15196 Document #: 1 Filed: 12/15/25 Page 30 of 35 PageID #:30

PRO CARS USA
5630 W 120th St
Alsip, IL 60803
(708) 926-9690

# YOU OWE

Purchaser Name(s): Sheridan Dennis Price          Date: 5/29/2025

Address: 7001 Arlington Rd Apt 424 Bethesda MD 20814          Salesperson: Mike Abazaj

Home Phone: (240) 475-7200          Work Phone:          Cell Phone: (240) 475-7200

| Year | Make | Model | | Body Type |
|------|------|-------|--|-----------|
| 2023 | Rolls-Royce | Cullinan | | SUV |
| VIN | | Color | Odometer | Stock No. |
| SLATV4C04PU216316 | | Gray | 8100 | PC2330 |

## YOU OWE

| YOU OWE | TO BE RECEIVED | | YOU OWE | TO BE RECEIVED | |
|---------|------|------|---------|------|------|
| | DATE | TIME | | DATE | TIME |
| 1.) Title to Trade-In Vehicle | | | 4.) Other | | |
| 2.) All Monies | | | 5.) Other | | |
| 3.) Valid Insurance Card | | | 6.) Other | | |

I hereby agree to provide these items in the timely manner noted above.

Customer's Signature          5/29/2025          Date

Authorized Dealership Representative          5/29/2025          Date

Customer's Signature          Date

# Waiver of Vehicle Service Contract

## Waiver of Benefits

I acknowledge that the coverage and benefits of the service contract have been fully explained to me by the dealer representative shown below. I elect not to purchase the service contract at this time and I further understand that:

(a)     I will be responsible for the full cost of any repairs not covered by any applicable warranty.

(b)     I will be responsible for providing my own substitute transportation whenever the vehicle needs repair.

| | | |
|---|---|---|
| Vehicle Buyer's Signature | Dealership Representative's Signature | 5/29/2025 <br> Date |

7001 Arlington Rd Apt 424 Bethesda MD 20814                (240) 475-7200
Vehicle Buyer's Address                                                          Phone Number

| 2023 | Rolls-Royce | Cullinan | SLATV4C04PU216316 |
|---|---|---|---|
| Vehicle Year | Vehicle Make | Model | Vehicle Identification Number |

2404 (4/03)

**Exhibit**

# C

**Odometer Disclosure Statement**

C

Case: 1:25-cv-15196 Document #: 1 Filed: 12/15/25 Page 29 of 35 PageID #:29

# ODOMETER
# DISCLOSURE STATEMENT

Federal law (and State law, if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I, _____PRO CARS USA_____ (transferor's name, print) state that the odometer now reads 8100 (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.

☐ (2) I hereby certify that the odometer reading is *NOT* the actual mileage. **WARNING—ODOMETER DISCREPANCY.**

Make Rolls-Royce
Model Cullinan
Body Type 4D SUV

(Transferor's Signature)
PRO CARS USA
(Printed Name)

Vehicle Identification Number SLATV4C04PU216316
Year 2023
Date of Statement 5/29/2025

(Transferee's Signature)
Sheridan Dennis Price
(Printed Name)

**TRANSFEROR'S NAME AND ADDRESS**

PRO CARS USA
(Printed Name)
5630 W 120th St
(Street or Address)

| Alsip | IL | 60803 |
|---|---|---|
| (City) | (State) | (Zip) |

**TRANSFEREE'S NAME AND ADDRESS**

Sheridan Dennis Price
(Printed Name)
7001 Arlington Rd Apt 424
(Street or Address)

| Bethesda | MD | 20814 |
|---|---|---|
| (City) | (State) | (Zip) |

Odometer Disclosure Statement

ODS 4/24/2007

Bankers Systems®
©2017 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

**Exhibit**

# D

FTC
**BUYERS GUIDE**
**AS IS**

**D**

Case: 1:25-cv-15196 Document #: 1 Filed: 12/15/25 Page 27 of 33 PageID #:27

# BUYERS GUIDE

**IMPORTANT:** Spoken promises are difficult to enforce. Ask the dealer to put all promises in writing. Keep this form.

| **Rolls-Royce** | **Cullinan** | | **2023** | **SLATV4C04PU216316** |
|---|---|---|---|---|
| VEHICLE MAKE | MODEL | | YEAR | VEHICLE IDENTIFICATION NUMBER (VIN) |

**WARRANTIES FOR THIS VEHICLE:**      **Stock No. PC2330**

## ☒ AS IS - NO DEALER WARRANTY
THE DEALER DOES NOT PROVIDE A WARRANTY FOR ANY REPAIRS AFTER SALE.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## ☐ DEALER WARRANTY

☐ FULL WARRANTY.

☐ LIMITED WARRANTY. The dealer will pay ___**0**% of the labor and ___**0**% of the parts for the covered systems that fail during the warranty period. Ask the dealer for a copy of the warranty, and for any documents that explain warranty coverage, exclusions, and the dealer's repair obligations. *Implied warranties* under your state's laws may give you additional rights.

**SYSTEMS COVERED:**             **DURATION:**

## NON-DEALER WARRANTIES FOR THIS VEHICLE:

☐ MANUFACTURER'S WARRANTY STILL APPLIES. The manufacturer's original warranty has not expired on some components of the vehicle.

☐ MANUFACTURER'S USED VEHICLE WARRANTY APPLIES.

☐ OTHER USED VEHICLE WARRANTY APPLIES.

Ask the dealer for a copy of the warranty document and an explanation of warranty coverage, exclusions, and repair obligations.

☐ SERVICE CONTRACT. A service contract on this vehicle is available for an extra charge. Ask for details about coverage, deductible, price, and exclusions. If you buy a service contract within 90 days of your purchase of this vehicle, *Implied warranties* under your state's laws may give you additional rights.

**ASK THE DEALER IF YOUR MECHANIC CAN INSPECT THE VEHICLE ON OR OFF THE LOT.**

**OBTAIN A VEHICLE HISTORY REPORT AND CHECK FOR OPEN SAFETY RECALLS.** For information on how to obtain a vehicle history report, visit ftc.gov/usedcars. To check for open safety recalls, visit safercar.gov. You will need the vehicle identification number (VIN) shown above to make the best use of the resources on these sites.

**SEE OTHER SIDE** for important additional information, including a list of major defects that may occur in used motor vehicles.

Si el concesionario gestiona la venta en español, pídale una copia de la Guía del Comprador en español.

Initials:                                             *Ex. D*

Case: 1:25-cv-15196 Document #: 1 Filed: 12/15/25 Page 28 of 35 PageID #:28

Here is a list of some major defects that may occur in used vehicles.

**Frame & Body**
Frame-cracks, corrective welds, or rusted through
Dog tracks—bent or twisted frame

**Engine**
Oil leakage, excluding normal seepage
Cracked block or head
Belts missing or inoperable
Knocks or misses related to camshaft lifters and push rods
Abnormal exhaust discharge

**Transmission & Drive Shaft**
Improper fluid level or leakage, excluding normal seepage
Cracked or damaged case which is visible
Abnormal noise or vibration caused by faulty transmission or drive shaft
Improper shifting or functioning in any gear
Manual clutch slips or chatters

**Differential**
Improper fluid level or leakage, excluding normal seepage
Cracked or damaged housing which is visible
Abnormal noise or vibration caused by faulty differential

**Cooling System**
Leakage including radiator
Improperly functioning water pump

**Electrical System**
Battery leakage
Improperly functioning alternator, generator, battery, or starter

**Fuel System**
Visible leakage

**Inoperable Accessories**
Gauges or warning devices
Air conditioner
Heater & Defroster

**Brake System**
Failure warning light broken
Pedal not firm under pressure (DOT spec.)
Not enough pedal reserve (DOT spec.)
Does not stop vehicle in straight line (DOT spec.)
Hoses damaged
Drum or rotor too thin (Mfgr. Specs)
Lining or pad thickness less than 1/32 inch
Power unit not operating or leaking
Structural or mechanical parts damaged

**Air Bags**

**Steering System**
Too much free play at steering wheel (DOT specs.)
Free play in linkage more than 1/4 inch
Steering gear binds or jams
Front wheels aligned improperly (DOT specs.)
Power unit belts cracked or slipping
Power unit fluid level improper

**Suspension System**
Ball joint seals damaged
Structural parts bent or damaged
Stabilizer bar disconnected
Spring broken
Shock absorber mounting loose
Rubber bushings damaged or missing
Radius rod damaged or missing
Shock absorber leaking or functioning improperly

**Tires**
Tread depth less than 2/32 inch
Sizes mismatched
Visible damage

**Wheels**
Visible cracks, damage or repairs
Mounting bolts loose or missing

**Exhaust System**
Leakage
Catalytic Converter

---

DEALER NAME
**PRO CARS USA**

ADDRESS
**5630 W 120th St Alsip IL 60803**

TELEPHONE                                    EMAIL
**(708) 926-9690**

FOR COMPLAINTS AFTER SALE, CONTACT:

I hereby acknowledge receipt of the Buyers Guide at the closing of this sale.

SIGNATURE  Sheridan Price                5/29/2025                    SIGNATURE                              DATE
                                          DATE

**IMPORTANT:** The information on this form is part of any contract to buy this vehicle. Removing this label before consumer purchase (except for purpose of test-driving) violates federal law (16 C.F.R. 455).

**Exhibit**

# E

**FTC
BUYERS GUIDE
IMPLIED WARRANTIES ONLY
Sample**

E

# BUYERS GUIDE

**IMPORTANT:** Spoken promises are difficult to enforce. Ask the dealer to put all promises in writing. Keep this form.

| VEHICLE MAKE | MODEL | YEAR | VEHICLE IDENTIFICATION NUMBER (VIN) |
|---|---|---|---|

## WARRANTIES FOR THIS VEHICLE:

☐ **IMPLIED WARRANTIES ONLY**

The dealer doesn't make any promises to fix things that need repair when you buy the vehicle or afterward. But *implied warranties* under your state's laws may give you some rights to have the dealer take care of serious problems that were not apparent when you bought the vehicle.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

☐ **DEALER WARRANTY**

☐ FULL WARRANTY.

☐ LIMITED WARRANTY. The dealer will pay ____% of the labor and ____% of the parts for the covered systems that fail during the warranty period. Ask the dealer for a copy of the warranty, and for any documents that explain warranty coverage, exclusions, and the dealer's repair obligations. *Implied warranties* under your state's laws may give you additional rights.

**SYSTEMS COVERED:**          **DURATION:**

_____    _____

_____    _____

_____    _____

## NON-DEALER WARRANTIES FOR THIS VEHICLE:

☐ MANUFACTURER'S WARRANTY STILL APPLIES. The manufacturer's original warranty has not expired on some components of the vehicle.

☐ MANUFACTURER'S USED VEHICLE WARRANTY APPLIES.

☐ OTHER USED VEHICLE WARRANTY APPLIES.

Ask the dealer for a copy of the warranty document and an explanation of warranty coverage, exclusions, and repair obligations.

☐ SERVICE CONTRACT. A service contract on this vehicle is available for an extra charge. Ask for details about coverage, deductible, price, and exclusions. If you buy a service contract within 90 days of your purchase of this vehicle, *implied warranties* under your state's laws may give you additional rights.

**ASK THE DEALER IF YOUR MECHANIC CAN INSPECT THE VEHICLE ON OR OFF THE LOT.**

**OBTAIN A VEHICLE HISTORY REPORT AND CHECK FOR OPEN SAFETY RECALLS.** For information on how to obtain a vehicle history report, visit ftc.gov/usedcars. To check for open safety recalls, visit safercar.gov. You will need the vehicle identification number (VIN) shown above to make the best use of the resources on these sites.

**SEE OTHER SIDE for important additional information, including a list of major defects that may occur in used motor vehicles.**

**Si el concesionario gestiona la venta en español, pídale una copia de la Guía del Comprador en español.**

E+. E

Here is a list of some major defects that may occur in used vehicles.

**Frame & Body**
Frame-cracks, corrective welds, or rusted
  through
Dog tracks—bent or twisted frame

**Engine**
Oil leakage, excluding normal seepage
Cracked block or head
Belts missing or inoperable
Knocks or misses related to camshaft
lifters and push rods
Abnormal exhaust discharge

**Transmission & Drive Shaft**
Improper fluid level or leakage, excluding
  normal seepage
Cracked or damaged case which is visible
Abnormal noise or vibration caused by faulty
  transmission or drive shaft
Improper shifting or functioning in any gear
Manual clutch slips or chatters

**Differential**
Improper fluid level or leakeage, excluding
  normal seepage
Cracked of damaged housing which is
  visible
Abnormal noise or vibration caused by faulty
  differential

**Cooling System**
Leakage including radiator
Improperly functioning water pump

**Electrical System**
Battery leakage
Improperly functioning alternator, generator,
  battery, or starter

**Fuel System**
Visible leakage

**Inoperable Accessories**
Gauges or warning devices
Air conditioner
Heater & Defroster

**Brake System**
Failure warning light broken
Pedal not firm under pressure (DOT spec.)
Not enough pedal reserve (DOT spec.)
Does not stop vehicle in straight line
  (DOT spec.)
Hoses damaged
Drum or rotor too thin (Mfgr. Specs)
Lining or pad thickness less than 1/32 inch
Power unit not operating or leaking
Structural or mechanical parts damaged

**Air Bags**

**Steering System**
Too much free play at steering wheel
  (DOT specs.)
Free play in linkage more than 1/4 inch
Steering gear binds or jams
Front wheels aligned improperly
  (DOT specs.)
Power unit belts cracked or slipping
Power unit fluid level improper

**Suspension System**
Ball joint seals damaged
Structural parts bent or damaged
Stabilizer bar disconnected
Spring broken
Shock absorber mounting loose
Rubber bushings damaged or missing
Radius rod damaged or missing
Shock absorber leaking or functioning
  improperly

**Tires**
Tread depth less than 2/32 inch
Sizes mismatched
Visible damage

**Wheels**
Visible cracks, damage or repairs
Mounting bolts loose or missing

**Exhaust System**
Leakage
Catalytic Converter

DEALER NAME
_____

ADDRESS
_____

TELEPHONE                               EMAIL
_____

FOR COMPLAINTS AFTER SALE, CONTACT:
_____

**IMPORTANT:** The information on this form is part of any contract to buy this vehicle. Removing this label before consumer purchase (except for purpose of test-driving) violates federal law (16 C.F.R. 455).

**Exhibit**

**F**

**Carfax**

F

 **Vehicle History Report™**

## 2023 ROLLS-ROYCE CULLINAN

VIN: SLATV4C04PU216316
4 DOOR WAGON/SPORT UTILITY
6.8L V12
GASOLINE
ALL WHEEL DRIVE

 ✅ No accidents or damage reported to CARFAX

 🔧 **4** Service history records

 **1** CARFAX 1-Owner vehicle

 🚚 Commercial vehicle

 🌐 Last owned in New Hampshire

 🔢 **8,465** Last reported odometer reading



This CARFAX Vehicle History Report is based only on information supplied to CARFAX and available as of 1/20/26 at 10:10:09 AM (CST). Other information about this vehicle, including problems, may not have been reported to CARFAX. Use this report as one important tool, along with a vehicle inspection and test drive, to make a better decision about your next used car.

## CARFAX Recent Service Highlights
Key services performed in the last 12 months

| Service | Comments | Date |
|---|---|---|
| 🛢 Oil | ✓ Oil and filter changed | 06/13/2025 |
| ⊛ Tires | ✓ Four tires replaced<br>✓ Tire(s) replaced | 06/13/2025 |

 This car has been recently serviced. That's a good thing!

## CARFAX Additional History
Not all accidents / issues are reported to CARFAX

**Owner 1**

 Ex · F

| | | |
|---|---|---|
| **Total Loss**<br>No total loss reported to CARFAX. | ✅ | No Issues Reported |
| **Structural Damage**<br>No structural damage reported to CARFAX. | ✅ | No Issues Reported |
| **Airbag Deployment**<br>No airbag deployment reported to CARFAX. | ✅ | No Issues Reported |
| **Odometer Check**<br>No indication of an odometer rollback. | ✅ | No Issues Indicated |
| **Accident / Damage**<br>No accidents or damage reported to CARFAX. | ✅ | No Issues Reported |
| **Manufacturer Recall**<br>No open recalls reported to CARFAX. | ✅ | No Recalls Reported |
| **Basic Warranty**<br>Original warranty estimated to have 12 months or unlimited mileage remaining. Confirm with dealer or vehicle manufacturer. | ✅ | Warranty Active |

## CARFAX Title History

CARFAX guarantees the information in this section

**Owner 1**

| | | |
|---|---|---|
| **Damage Brands**<br>Salvage \| Junk \| Rebuilt \| Fire \| Flood \| Hail \| Lemon | ✅ | Guaranteed No Problem |
| **Odometer Brands**<br>Not Actual Mileage \| Exceeds Mechanical Limits | ✅ | Guaranteed No Problem |

**GUARANTEED** - None of these title problems were reported by a U.S. state Department of Motor Vehicles (DMV). If you find that any of these title problems were reported by a DMV and not included in this report, you may qualify.
View Terms | View Certificate

## CARFAX Ownership History

The number of owners is estimated

**Owner 1**

| | |
|---|---|
| Year purchased | 2022 |
| Type of owner | Commercial |
| Estimated length of ownership | 2 yrs. 9 mo. |
| Owned in the following states/provinces | Florida, New Hampshire |
| Estimated miles driven per year | 3,422/yr |

CARFAX 1 OWNER

| Last reported odometer reading | | | 8,465 |
| --- | --- | --- | --- |

 **CARFAX** Detailed History



| | Owner 1<br>Purchased:<br>2022 | **Low mileage!** This owner drove less than the industry average of 15,000 miles per year. | Commercial<br>Vehicle<br>3,422 mi/yr |
| --- | --- | --- | --- |

| Date | Mileage | Source | | Comments |
| --- | --- | --- | --- | --- |
| 12/27/2022 | 35 | New Hampshire<br>Motor Vehicle Dept. | | **Vehicle purchase reported** |
| 12/28/2022 | | Braman Cadillac<br>Miami, FL<br>305-340-2228<br>⭐ **4.3 / 5.0**<br>563 Verified Reviews<br>❤️ **687** Customer<br>Favorites | 🔧 | **Vehicle serviced**<br>- Vehicle washed/detailed |
| 12/31/2022 | | Florida<br>Motor Vehicle Dept. | | **Registration issued or renewed**<br>- Vehicle color noted as Gray |
| 12/31/2022 | | New Hampshire<br>Motor Vehicle Dept.<br>Bedford, NH | | **Titled or registered as commercial vehicle** |
| 02/09/2023 | | Florida<br>Motor Vehicle Dept.<br>Bedford, NH | | **Registration issued or renewed**<br>- Vehicle color noted as Gray |
| 04/11/2023 | | Florida<br>Motor Vehicle Dept.<br>Bedford, NH | | **Registration issued or renewed**<br>- Vehicle color noted as Gray |
| 04/19/2023 | | New Hampshire<br>Motor Vehicle Dept.<br>Bedford, NH | | **Registration issued or renewed**<br>- Vehicle color noted as Gray |
| 07/04/2023 | 676 | Dealer Inventory | | **Vehicle offered for sale** |
| 09/20/2023 | 711 | Gold Coast Auto Gallery<br>Chicago, IL<br>312-280-4848 | | **Vehicle offered for sale** |
| 10/24/2023 | 1,160 | Pro Cars USA<br>Alsip, IL | | **Vehicle offered for sale** |

708-926-9690

 ★ 4.0 / 5.0
7 Verified Reviews

| 05/20/2024 | 4,117 | Napleton Cadillac of Northbrook<br>Northbrook, IL<br>847-564-4090<br>★ 4.8 / 5.0<br>406 Verified Reviews<br>💗 82 Customer Favorites |  | **Vehicle serviced**<br>-Oil and filter changed |
|---|---|---|---|---|
| 06/13/2025 | 8,465 | Sterling Motorcars<br>Sterling, VA<br>571-434-2450<br>★ 4.8 / 5.0<br>44 Verified Reviews<br>💗 702 Customer Favorites |  | **Vehicle serviced**<br>-Maintenance inspection completed<br>-Recommended maintenance performed<br>-Electrical system checked<br>-Four tires balanced<br>-Four tires replaced<br>-Oil and filter changed<br>-Tire(s) replaced<br>-Vehicle washed/detailed |
| 07/31/2025 | | Luxe Auto Studio<br>Sterling, VA<br>571-293-0969 |  | **Vehicle serviced**<br>-Interior protective coating applied |
| 08/06/2025 | | New Hampshire Motor Vehicle Dept.<br>Bedford, NH | | **Title issued or updated**<br>-First owner reported<br>-Loan or lien reported<br>-Vehicle color noted as Gray |
| 09/27/2025 | | Pro Cars USA<br>Alsip, IL<br>708-926-9690<br>★ 4.0 / 5.0<br>7 Verified Reviews | | **Vehicle offered for sale** |

Have Questions? Please visit our Help Center at www.carfax.com.

## CARFAX Glossary

**Commercial**
Vehicle was registered for business purposes.

**First Owner**
When the first owner(s) obtains a title from a Department of Motor Vehicles as proof of ownership.

**Ownership History**
CARFAX defines an owner as an individual or business that possesses and uses a vehicle. Not all title transactions represent changes in ownership. To provide estimated number of owners, CARFAX proprietary technology analyzes all the events in a vehicle history. Estimated ownership is available for vehicles

manufactured after 1991 and titled solely in the US including Puerto Rico. Dealers sometimes opt to take ownership of a vehicle and are required to in the following states: Maine, Massachusetts, New Jersey, Ohio, Oklahoma, Pennsylvania and South Dakota. Please consider this as you review a vehicle's estimated ownership history.

**Title Issued**

A state issues a title to provide a vehicle owner with proof of ownership. Each title has a unique number. Each title or registration record on a CARFAX report does not necessarily indicate a change in ownership. In Canada, a registration and bill of sale are used as proof of ownership.

**Follow Us:**    **facebook.com/CARFAX**      **@CARFAXinc**      **About CARFAX**

CARFAX DEPENDS ON ITS SOURCES FOR THE ACCURACY AND RELIABILITY OF ITS INFORMATION. THEREFORE, NO RESPONSIBILITY IS ASSUMED BY CARFAX OR ITS AGENTS FOR ERRORS OR OMISSIONS IN THIS REPORT. CARFAX FURTHER EXPRESSLY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

© 2026 CARFAX, Inc., part of S&P Global. All rights reserved.
1/20/26 10:10:09 AM (CST)

Exhibit

# G

**BADVIN Report**

G

BADVIN  Vehicle Reports   📋 Window Stickers   ⚙ VIN Decoder   ⑦ FAQ   ♀ Reviews   ⊕ Resources ⌄      donsezz@att.net ⌄

Search

Try to enter your VIN above and see what we have for you.

Example: 3N1AB7AP7GY292283

⌂ Home / ROLLS-ROYCE / CULLINAN / 2023 ROLLS-ROYCE CULLINAN

Congrats! You have full access to this VIN.

Please feel free to contact us in case of any questions or issues. You can reach us using chat. Thank you.                                                     ✕

# BADVIN Premium Report for SLATV4C04PU216316

15

8,465 mi

🖶 Print

**2023 ROLLS-ROYCE CULLINAN**
4 DOOR WAGON/SPORT UTILITY, ALL WHEEL DRIVE
6.8L V12, GASOLINE

## Owners Events

**Owner #1**

2025-08-06 — now
States: NH, IL
Last odometer reported: 8,100 mi
Mileage for the period: 8,100 mi

## Mileage Events

| Date | Mileage |
|------|---------|
| 2026-01-17 | 8,100 mi |
| 2025-12-05 | 8,100 mi<br>-365 mi for 6 months |
| 2025-06-13 | 8,465 mi |
| 2025-05-29 | 7,150 mi |
| 2024-12-29 | 5,207 mi |

E., G

| Date | Distance |
|---|---|
| 2024-11-24 | 5,207 mi |
| 2024-10-05 | 2,986 mi |
| 2024-10-04 | 2,986 mi |
| 2024-10-03 | 2,986 mi |
| 2024-10-02 | 2,986 mi |
| 2024-09-30 | 2,986 mi |
| 2024-09-29 | 2,986 mi |
| 2024-09-28 | 2,986 mi |
| 2024-09-26 | 2,986 mi |
| 2024-09-25 | 2,986 mi |
| 2024-09-24 | 2,986 mi |
| 2024-09-23 | 2,986 mi |
| 2024-09-22 | 2,986 mi |
| 2024-09-13 | 2,986 mi |
| 2024-09-12 | 2,986 mi |
| 2024-09-11 | 2,986 mi |
| 2024-09-10 | 2,986 mi |
| 2024-09-09 | 2,986 mi |
| 2024-09-08 | 2,986 mi |
| 2024-09-07 | 2,986 mi |
| 2024-09-05 | 2,986 mi |

| Date | Miles |
|------|-------|
| 2024-09-04 | 2,986 mi |
| 2024-09-02 | 2,986 mi |
| 2024-09-01 | 2,986 mi |
| 2024-08-07 | 2,986 mi |
| 2024-08-06 | 2,986 mi |
| 2024-08-05 | 2,986 mi |
| 2024-08-04 | 2,986 mi |
| 2024-08-03 | 2,986 mi |
| 2024-08-02 | 2,986 mi |
| 2024-08-01 | 2,986 mi |
| 2024-07-31 | 2,986 mi |
| 2024-07-30 | 2,986 mi |
| 2024-07-29 | 2,986 mi |
| 2024-07-28 | 2,986 mi |
| 2024-07-27 | 2,986 mi |
| 2024-07-26 | 2,986 mi |
| 2024-07-24 | 2,986 mi<br>-1,131 mi for 2 months |
| 2024-05-20 | 4,117 mi |
| 2024-02-29 | 1,803 mi |
| 2024-02-28 | 1,803 mi |
| 2024-02-27 | 1,803 mi |

| Date | Mileage |
|------|---------|
| 2024-02-26 | 1,803 mi |
| 2024-01-31 | 1,160 mi |
| 2024-01-30 | 1,160 mi |
| 2024-01-26 | 1,160 mi |
| 2024-01-12 | 1,160 mi<br>-643 mi for 1 months |
| 2023-12-08 | 1,803 mi |
| 2023-12-07 | 1,803 mi |
| 2023-12-06 | 1,803 mi |
| 2023-12-01 | 1,803 mi |
| 2023-11-30 | 1,803 mi |
| 2023-11-29 | 1,803 mi |
| 2023-10-24 | 1,160 mi |
| 2023-09-20 | 711 mi |
| 2023-07-04 | 676 mi |
| 2022-12-27 | 35 mi |

## Events List

| Date | Mileage | Source | Comment |
|------|---------|--------|---------|
| 2026-01-17 | 8,100 mi | BADVIN.COM | Vehicle was noticed on sale on **classifieds**<br>More details |
| 2025-12-05 | 8,100 mi | BADVIN.COM | Vehicle was noticed on sale on **classifieds**<br>More details |

| Date | Mileage | Source | Details |
|---|---|---|---|
| 2025-09-27 | | Pro Cars USA<br>Alsip, IL<br>708-926-9690<br>procarsusa.com | Vehicle offered for sale |
| 2025-08-06 | | New Hampshire<br>Motor Vehicle Dept.<br>Bedford, NH | Title issued or updated<br>First **owner reported**<br>Loan or lien reported<br>Vehicle color noted as Gray |
| 2025-07-31 | | Luxe Auto Studio<br>Sterling, VA<br>571-293-0969<br>luxeautostudio.com | Vehicle serviced<br>Interior protective coating applied |
| 2025-06-13 | 8,465 mi | Sterling Motorcars<br>Sterling, VA<br>571-434-2450<br>rrmcsterling.com | Vehicle serviced<br>Maintenance inspection completed<br>Recommended maintenance performed<br>Electrical system checked<br>Four tires balanced<br>Four tires replaced<br>Oil and filter changed<br>Tire(s) replaced<br>Vehicle washed/detailed |
| 2025-05-29 | 7,150 mi | BADVIN.COM | Vehicle was noticed on sale on **classifieds**<br>More details |
| 2024-12-29 | 5,207 mi | BADVIN.COM | Vehicle was noticed on sale on **classifieds**<br>More details |
| 2024-11-24 | 5,207 mi | BADVIN.COM | Vehicle was noticed on sale on **classifieds**<br>More details |
| 2024-10-05 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction**<br>More details |
| 2024-10-04 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction**<br>More details |
| 2024-10-03 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction**<br>More details |
| 2024-10-02 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction**<br>More details |

| Date | Mileage | Source | Event |
|---|---|---|---|
| 2024-09-30 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction**<br>More details |
| 2024-09-29 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction**<br>More details |
| 2024-09-28 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction**<br>More details |
| 2024-09-26 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction**<br>More details |
| 2024-09-25 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction**<br>More details |
| 2024-09-24 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction**<br>More details |
| 2024-09-23 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction**<br>More details |
| 2024-09-22 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction**<br>More details |
| 2024-09-13 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction**<br>More details |
| 2024-09-12 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction**<br>More details |
| 2024-09-11 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction**<br>More details |
| 2024-09-10 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction**<br>More details |
| 2024-09-09 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction**<br>More details |
| 2024-09-08 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction**<br>More details |

| 2024-09-07 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** More details |
| 2024-09-05 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** More details |
| 2024-09-04 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** More details |
| 2024-09-02 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** More details |
| 2024-09-01 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** More details |
| 2024-08-07 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** More details |
| 2024-08-06 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** More details |
| 2024-08-05 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** More details |
| 2024-08-04 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** More details |
| 2024-08-03 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** More details |
| 2024-08-02 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** More details |
| 2024-08-01 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** More details |
| 2024-07-31 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** More details |
| 2024-07-30 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** More details |

| Date | Mileage | Source | Event |
|---|---|---|---|
| 2024-07-29 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** <br> More details |
| 2024-07-28 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** <br> More details |
| 2024-07-27 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** <br> More details |
| 2024-07-26 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** <br> More details |
| 2024-07-24 | 2,986 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** <br> More details |
| 2024-05-20 | 4,117 mi | Napleton Cadillac of Northbrook <br> Northbrook, IL <br> 847-564-4090 <br> napletoncadillacnorthbrook.com | Vehicle serviced <br> Oil and filter changed |
| 2024-02-29 | 1,803 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** <br> More details |
| 2024-02-28 | 1,803 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** <br> More details |
| 2024-02-27 | 1,803 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** <br> More details |
| 2024-02-26 | 1,803 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** <br> More details |
| 2024-01-31 | 1,160 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** <br> More details |
| 2024-01-30 | 1,160 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** <br> More details |
| 2024-01-26 | 1,160 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** <br> More details |

| 2024-01-12 | 1,160 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** |
| | | | More details |
| 2023-12-08 | 1,803 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** |
| | | | More details |
| 2023-12-07 | 1,803 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** |
| | | | More details |
| 2023-12-06 | 1,803 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** |
| | | | More details |
| 2023-12-01 | 1,803 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** |
| | | | More details |
| 2023-11-30 | 1,803 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** |
| | | | More details |
| 2023-11-29 | 1,803 mi | BADVIN.COM | Vehicle was noticed on sale on **dealer auction** |
| | | | More details |
| 2023-10-24 | 1,160 mi | Pro Cars USA<br>Alsip, IL<br>708-926-9690<br>procarsusa.com | Vehicle offered for sale |
| 2023-09-20 | 711 mi | Gold Coast Auto Gallery<br>Chicago, IL<br>312-280-4848<br>bentleygoldcoast.com | Vehicle offered for sale |
| 2023-07-04 | 676 mi | Dealer Inventory | Vehicle offered for sale |
| 2023-04-19 | | New Hampshire<br>Motor Vehicle Dept.<br>Bedford, NH | Registration issued or renewed<br>Vehicle color noted as Gray |
| 2023-04-11 | | Florida<br>Motor Vehicle Dept.<br>Bedford, NH | Registration issued or renewed<br>Vehicle color noted as Gray |
| 2023-02-09 | | Florida<br>Motor Vehicle Dept.<br>Bedford, NH | Registration issued or renewed<br>Vehicle color noted as Gray |

| 2022-12-31 | | New Hampshire Motor Vehicle Dept. Bedford, NH | Titled or registered as commercial vehicle |
| 2022-12-31 | | Florida Motor Vehicle Dept. | Registration issued or renewed Vehicle color noted as Gray |
| 2022-12-28 | | Braman Cadillac Miami, FL 305-340-2228 bramancadillac.com | Vehicle serviced Vehicle washed/detailed |
| 2022-12-27 | 35 mi | New Hampshire Motor Vehicle Dept. | Vehicle purchase reported |

Search

Example: 2D4GZ58205H537383

BADVIN

**Products**

**Support**

**Resources**

**Sample Reports**

**Exhibit**

# H

**Cullinan Substandard
Photographs**

H

## 2023 Rolls-Royce Cullinan
## Group One Listing Photographs







# Rolls-Royce Cullinan
## Group Two Listing Photographs





# **Exhibit 4**



**CHARLES SCHWAB BANK**

1 Transaction

✓ Invoice #999 was paid. We have sent you a copy of your receipt. ✕



# Donald Szczesniak has been paid $2,000.00

We have emailed a copy of your receipt to sprice20814@gmail.com.

ⓘ Send invoices or estimates with Square and get $1,000.00 in free processing

**Get started**

Download PDF      Text us

# **Exhibit 5**

**89544650384934377774.pdf**

**State Farm**

**State Farm Mutual Automobile Insurance Company**
PO Box 2358
Bloomington IL 61702-2358

66446-3-A          MUTL   VOL

| DECLARATIONS PAGE |
|---|
| PAGE 1 OF 2 |

NAMED INSURED
AT4                          59-7532-3  A      A
004900  0058
PRICE, SHERIDAN
621 W DILIDO DR
MIAMI BEACH FL  33139-1157

POLICY NUMBER    R25 5735-F08-59
POLICY PERIOD JUN 08 2025 to DEC 08 2025
     12:01 A.M. Standard Time

STATE FARM PAYMENT PLAN NUMBER
  1736820319

AGENT

RICHARD COSSIO
1000 BRICKELL AVE STE 201-2F
MIAMI, FL 33131-3010

PHONE: (786)206-7001

**DO NOT PAY PREMIUMS SHOWN ON THIS PAGE.**
**IF AN AMOUNT IS DUE, THEN A SEPARATE STATEMENT IS ENCLOSED.**

### YOUR CAR

| YEAR | MAKE | MODEL | BODY STYLE | VEHICLE ID. NUMBER | CLASS |
|---|---|---|---|---|---|
| 2023 | ROLLS | CULLINAN | SPORT WG | SLATV4C04PU216316 | 103H6010002 |

| SYMBOLS | COVERAGE & LIMITS | PREMIUMS |
|---|---|---|
| A | Liability Coverage | $573.16 |
| | Bodily Injury Limits | |
| | Each Person,  Each Accident | |
| | $50,000        $100,000 | |
| | Property Damage Limit | |
| | Each Accident | |
| | $50,000 | |
| P10 | No-Fault Coverage | $83.63 |
| D | Comprehensive Coverage - $500 Deductible | $1464.63 |
| G | Collision Coverage - $500 Deductible | $1605.81 |
| H | Emergency Road Service Coverage | $2.43 |
| U3 | Uninsured Motor Vehicle Coverage (Non-Stacking) | $90.41 |
| | Bodily Injury Limits | |
| | Each Person, Each Accident | |
| | $50,000        $100,000 | |

| Total premium for JUN 08 2025 to DEC 08 2025. | $3,820.07 | This is not a bill. |
|---|---|---|

### IMPORTANT MESSAGES

IMPORTANT NOTICE- Under No-Fault Coverage, the only medical expenses we will pay are reasonable medical expenses that are payable under the Florida Motor Vehicle No-Fault Law. The most we will pay for such reasonable medical expenses is 80% of the "schedule of maximum charges" found in the Florida Motor Vehicle No-Fault Law and in the Limits section of the Florida Car Policy's No-Fault Coverage.

New Policy Form

For questions, problems or to obtain information about coverage call: (786)206-7001.

State Farm works hard to offer you the best combination of price, service, and protection.  The amount you pay for automobile insurance is determined by many factors such as the coverages you have, where you live, the kind of car you drive, how your car is used, who drives the car, and information from consumer reports.

Your premium was determined by information from consumer reports:  Time since most recent public record or collection, excluding medical, utility; Number of consumer initiated inquiries in the last 12 months with 30-day exceptions; Number of retail consumer initiated inquiries in the last 24 months; Percent of accounts paid as agreed in the last 24 months to total accounts.

Consumer report reference numbers: *25159071235213, O4ZYW5J, 20832003U10735

Credit information was obtained on:  SHERIDAN PRICE

You have the right to request, no more than once during your policy term, that your policy be re-rated using a current credit-based insurance score. Re-rating could result in a lower rate, no change in rate, or a higher rate.

Please refer to the enclosed insert for additional information.

CONTINUED

See Reverse Side

07615/04669
155-3866.2  04-2005  (o1a025hd)
I1SX0N   (o1a025te)

# **Group Exhibit 6**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**SHERIDAN D. PRICE,**

     **Plaintiff,**

**v.**                                                                                    **Case No. 25-cv-15196**

**PRO CARS USA, INC. and ARTA GASHI, ASTRIT**
**GASHI, and TONY GASHI, Individually.**

     **Defendant(s).**

### AFFIDAVIT OF PLAINTIFF'S ATTORNEY ROBERT J. TOMEI JR. REGARDING ATTORNEY'S FEES AND COSTS

Under penalties as provided by law pursuant to 28 U.S.C. §1746 of the Federal Rules of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that s/he verily believes the same to be true, to wit:

1.     That Your Affiant has personal first-hand knowledge of the facts of this Affidavit.

2.     That if called to testify, Your Affiant would testify thereto as a competent witness.

3.     That Your Affiant is over the age of 21 and are United States Citizens and is the Attorney for Plaintiff in the above captioned matter.

4.     That Your Affiant submits this declaration in support of Plaintiff's Motion for Default Judgment.  I have personal knowledge of the facts set forth herein and could testify competently to them if called upon to do so.

5.     That Your Affiant is admitted to practice within the State Courts of Illinois as of November 2012 and has been permitted to practice before the United States District Court for the Northern District of Illinois since 2012 having served in this district as either lead counsel or co-

counsel in a total of 50+ civil matters.

6. That Your Affiant currently focuses his practice exclusively in the area of complex commercial and civil litigation with an acute focus on consumer protection law. I have experience handling cases under the Fair Debt Collection Practices Act ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA"). Most recently, in one of the more prolific matters in the consumer arena I have been involved in, I have been representing a blind man defrauded in a bait & switch scheme by a local Chevrolet dealership.[1] Protecting the rights of others is truly a passion of mine.

7. In addition to representing consumers in FDCPA and CFA matters, Your Affiant has represented many borrowers in complicated residential foreclosure matters in State court, and has also represented individual and joint debtors filing for Chapter 7 debt relief in over 100 voluntary Bankruptcy Petitions before the United States Bankruptcy Court for the Northern District of Illinois. I also have experience in litigating cases under the Equal Credit Opportunity Act ("ECOA"), the Fair Credit Reporting Act ("FCRA"), the Magnuson-Moss Warranty Act, Real Estate Settlement Procedures Act, Regulation X, ("RESPA") and other areas of complex commercial and consumer litigation.

8. That I have additional experience outside of consumer protection law that allows a billing rate of the level set forth below, including *Noel Stuertz v. Horizon Therapeutics USA, Inc.*, NDI Case No. 21-cv-06039; *Deanna Papesh vs. Houlihan Lokey Financial*, NDI Case No. 23-cv-17175; and *Amber Graham vs. United Airlines, Inc.*, NDI Case No. 25-cv-15141, all civil actions alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

---

[1] JALOPNIK.COM, Blind Man Sues Chicago Dealership After Allegedly Signed Documents with Higher Rates and Price Than What he Agreed to, by Justin Hughs, available at https://www.msn.com/en-us/autos/general/blind-man-sues-chicago-dealership-after-allegedly-signed-documents-with-higher-rates-and-price-than-what-he-agreed-to/ar-AA23QgTC (last visited July 13, 2026).

§ 2000e-2(a).

9.      That Your Affiant became a member of the National Association ("NACA") and in March 2017.[2] After joining NACA, I was an active participant in its programs, having attended a NACA Consumer Rights Annual Conference in Washington D.C., as well as numerous continued legal education on-line courses discussing various areas of consumer rights law, including auto-fraud litigation and I am also a subscribing member of the National Consumer Law Center's (NCLC) treatise on Automobile Fraud, Fifth Edition, as well as other relevant NCLC treatises.

10.      That in the captioned matter, Your Affiant has diligently prosecuted a Complaint for various statutory and common law consumer fraud claims: <u>Count I</u>: Breach of the Implied Warranty of Title Under the Magnuson-Moss Warranty Act; <u>Count II</u>: Violations of the Consumer Fraud and Deceptive Practices Act; <u>Count III</u>: Conversion of Money Under Common Law and Magnuson Moss Warranty Act; <u>Count IV</u>: Action to Recover the Price Pursuant to 810 ILCS 5/2-711(1) of the Illinois Uniform Commercial Code and Magnuson -Moss Warranty Act; and <u>Count V</u>: Revocation of Acceptance Under the Illinois Uniform Commercial Code and Magnuson Moss Warranty Act.

11.      That the rate that billed per hour in this case, $400, which is justified by my experience and knowledge of consumer law, the nature and complexity of the cases, and the high level of risk involved in these types of consumer protection cases, and is only $25 more than the Median Rate charged by "All" consumer law attorneys in the State of Illinois, Chicago Metro region, as reported in the most recent iteration of the United States Consumer Law Attorney Fee

---

[2] Plaintiff's counsel's NACA Membership appears to have inadvertently lapsed. Counsel is in the process of reactivating his membership.

Survey Report 2017-2018, which was published 2019 for the State of Illinois.[3]

12.     Cases using the US Consumer Law Attorney Fee Survey Report when deciding attorney fee disputes in consumer protection cases include the following: *Decker v. Transworld Systems, Inc.*, 2009 WL 2916819, N.D. Ill. 2009, September 1, 2009 (finding results in the 2007 United States Consumer Law Attorney Fee Survey Report to be supported by the Laffey Matrix"); *Vahidy v. Transworld Systems, Inc.*, 2009 WL 2916825, N.D. Ill., 2009., September 1, 2009 (finding results in the 2007 United States Consumer Law Attorney Fee Survey Report to be "supported by the Laffey Matrix").

13.     That on July 14, 2026, I reviewed my billing entries for our file relative to the above captioned matter.  The time entries bearing my name represent the actual attorney hours I spent working on Plaintiff's file.

14.     Each of the time entries bearing my name truly and accurately reflects the services I performed representing Plaintiff in this matter.

15.     The time entries were recorded in the ordinary course of business of the undersigned by entering each entry into a computer spreadsheet concurrent with each event.

16.     That the total amount of attorney's fees incurred from the date of representation, August 28, 2025, to date, July 14, 2026, since the last billing invoice was issued on or about June 19, 2026, which includes the time incurred for matters related to Plaintiff's Judgment Motion and related materials and an anticipated 1 hour of attorney time at the future presentment hearing, for presentment of Prove-up Materials, after all credits, write offs, and discounts, totals $24,932.60, inclusive of $22,245.00 in attorney's fees and $2,687.60, in costs, which has been itemized in the attached, **Exhibit A**.

---

[3] UNITED STATES CONSUMER LAW ATTORNEY FEE SURVEY REPORT, 2017-2018, by Ronald L. Burdge, Esq., available at https://www.dropbox.com/scl/fi/emk9ikwcyu0yfky1pi4t3/US-Consumer-Law-Attorney-Fee-Survey-Report-w-Table-of-Cases-091119-6.pdf?rlkey=nrw456axx688lm940j6o9n70p&st=kk8blnmf&e=1&dl=0

Under penalties as provided by law pursuant to 28 U.S.C. §1746 of the Federal Rules of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

Dated: July 14, 2026

Robert J. Tomei Jr.
IL Bar No.: 6310339
JOHNSTON TOMEI
& GOLDBERG, LLC
350 N Milwaukee Avenue, Suite 202
Libertyville, IL 60048
Telephone: (847) 596-7494;
Facsimile: (847) 589-2263
E: Rob@LawJTLG.com

Respectfully Submitted,
By: */s/ Robert J. Tomei Jr.*
One of the Attorneys for Plaintiff

# Exhibit A



**JOHNSTON, TOMEI & GOLDBERG, LLC**
YOUR NEIGHBORS, YOUR ADVOCATES.
350 N. Milwaukee Avenue, Suite 202, Libertyville, IL
O:(847) 549-0600  Info@LawJTLG.com

# 2025-08-6115 - Price, Sheridan - Consumer Protection - All - Pro Cars USA

## Johnston, Tomei & Goldberg, LLC

## Account statement for all invoiced transactions

### Fees

| Date | Description | Timekeeper Initials | Rate | Hours | Total |
|---|---|---|---|---|---|
| 09/01/2025 | 1 email sent/reviewed regarding Price v. Pro Cars USA | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 09/01/2025 | Price v. Pro Cars_20250902_JTG Demand Ltr to Pro Cars USA created, then edited | RJTJ | $400.00 | 1.00 | $400.00 |
| 09/15/2025 | 3 emails sent/reviewed regarding Price v. Pro Cars USA | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 09/16/2025 | 1 email sent/reviewed regarding Price v. Pro Cars USA | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 09/16/2025 | Conference call with Client on Next Steps attended ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | RJTJ | $400.00 | 0.10 | $40.00 |
| 09/17/2025 | Conference call with Client ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | RJTJ | $400.00 | 0.30 | $120.00 |
| 09/23/2025 | FL HSMV Certified Title History Report reviewed | RJTJ | $400.00 | 0.10 | $40.00 |
| 09/23/2025 | 1 email sent/reviewed regarding -Review draft FL Secretary of State Title History Report Request, IL Sec of State Title History Report Request, and IL Sec of State Police complaint. Send notes to staff for finalization and issuance. | RJTJ | $400.00 | 0.20 | $80.00 |
| 09/24/2025 | Price v. Pro Cars_Complaint Draft created, then edited | RJTJ | $400.00 | 2.80 | $1,120.00 |
| 09/25/2025 | Price v. Pro Cars_Complaint Draft edited | RJTJ | $400.00 | 2.20 | $880.00 |
| 09/26/2025 | Price v. Pro Cars_Complaint Draft edited | RJTJ | $400.00 | 0.50 | $200.00 |
| 10/06/2025 | 1 email sent/reviewed regarding Price v. Pro Cars USA | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 10/06/2025 | Price v. Pro Cars_Complaint Draft edited -Finalization of initial draft complaint, including finalizing Count II (consumer fraud) and adding other claims. -Marked down from 1.8 hours of tracked time. | RJTJ | $400.00 | 1.50 | $600.00 |
| 10/15/2025 | 2 emails sent/reviewed regarding Price v. Pro Cars USA -Follow up to client on review/approval of complaint | RJTJ | $400.00 | 0.10 | $40.00 |
| 10/17/2025 | 1 email sent/reviewed regarding Price v. Pro Cars USA -Review documents tendered by client. Direct staff to ask client for fully executed copies of documents. | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 10/17/2025 | Price v. Pro Cars_Complaint Draft edited -Reviewed and finalized complaint. | RJTJ | $400.00 | 0.20 | $80.00 |
| 10/28/2025 | 1 email sent/reviewed regarding Price v. Pro Cars USA -follow up email to client about missing materials. | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 11/28/2025 | Price, S_20251128_Letterhead to Sheridan Price Regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ created, then edited | RJTJ | $400.00 | 0.20 | $80.00 |
| 12/15/2025 | Call to FLMV for more information on records search findings. | OTR | $100.00 | 0.10 | $10.00 |
| 12/15/2025 | Located NH Title Search Document and completed known fields. | OTR | $100.00 | 0.30 | $30.00 |
| 12/15/2025 | Finalization of original filing documents -finalize complaint, exhibits, civil cover sheet and attorney appearance. -File same before the northern district of Illinois ECF filing system. -Review filed documents print for filing and draft proposed summonses. -E-file summons for clerk entry. -Email client update on status. -Review Judge assignment. | RJTJ | $400.00 | 0.80 | $320.00 |
| 12/16/2025 | 1 email sent/reviewed regarding Activity in Case 1:25-cv-15196 Price v. PRO CARS USA, INC. et al set deadlines/hearings -Email to staff about status of stamped summonses as to both defendants | RJTJ | $400.00 | 0.10 | $40.00 |
| 12/17/2025 | 4 emails sent/reviewed regarding Activity in Case 1:25-cv-15196 Price v. PRO CARS USA, INC. et al set deadlines/hearings | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 12/30/2025 | E-File Summons_Returned Executed as to Defendant Pro Cars USA, Inc. | RJTJ | $400.00 | 0.10 | $40.00 |

| Date | Description | Timekeeper Initials | Rate | Hours | Total |
|---|---|---|---|---|---|
| 12/30/2025 | 2 emails sent/reviewed regarding [ServeManager] Invoice #14825974 from Gazelle Process & Investigations PLLC.<br>-Review service attempt emails and affidavit of service as to corporate defendant.<br>-Ask staff person to review description of served individual and ask client to review for purposes of evaluating whether this person was using an alias. | RJTJ | $400.00 | 0.30 | $120.00 |
| 01/08/2026 | Email sent to Sheridan regarding new service attempt of a Tony Gashi | OTR | $100.00 | 0.10 | $10.00 |
| 01/08/2026 | Review status of service on individual defendant<br>-Review emails from process serving agency and client.<br>-Conduct internet research on individual defendant "Arta Gash"<br>-Call process server for more information'<br>-Delegate to staff to order skip trace on individual defendant for possible service at residence, and to conduct internet research. | RJTJ | $400.00 | 0.30 | $120.00 |
| 01/08/2026 | Review client's emails regarding Gashi address. Research property address online. Obtain copy of vesting deed and instruct staff to send to process server | RJTJ | $400.00 | 0.20 | $80.00 |
| 01/12/2026 | Affidavit of Service_20251229 reviewed | RJTJ | $400.00 | 0.10 | $40.00 |
| 01/12/2026 | 1 email sent/reviewed regarding [ServeManager] Job #14825974 Update | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 01/12/2026 | Status Call with Sheridan Price (240-475-7200) attended | RJTJ | $400.00 | 0.50 | $200.00 |
| 01/21/2026 | 3 emails sent/reviewed regarding Price v. Pro Cars USA & Arta Gashi; Northern Dist. of Ill. Case No.: 25-cv-15196<br>-Voice message from Tony Gashi, directing staff to return call, take message and schedule call.<br>-Email client Re: allegations of Gashi, along with status update on service and ownership. | RJTJ | $400.00 | 0.20 | $80.00 |
| 01/21/2026 | 1 email sent/reviewed regarding [ServeManager] Job #14825974 Update | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 01/22/2026 | Price v. Pro Cars_MFD edited<br>-Draft Motion for Default Judgment as to Defendant Pro Cars USA.<br>-Draft Notice of Motion after conferring with Judge's standing orders and calendar same for presentment.<br>-Email staff for final tweaks prior to filing. | RJTJ | $400.00 | 0.50 | $200.00 |
| 01/23/2026 | 2 emails sent/reviewed regarding Price v. Pro Cars USA & Arta Gashi; Northern Dist. of Ill. Case No.: 25-cv-15196 | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 01/23/2026 | E-File Motion for Entry of Default Order and Notice of Motion | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 01/26/2026 | Phone Call with Tony Gashi (708-837-2782) attended<br>-Conference call with "Tony" Gashi.<br>-Tony provided his narrative of the facts.<br>-"Arta" is the owner of the business, and Tony, the brother of Arta, is "just a salesman."<br>-Pro Cars purchases subject vehicle from longstanding client, and did not find out they did "not have title" until they "sold car" to Mr. Price.<br>-Pro Cars discovered vehicle is a lien, held by BMW Financial, with an approximate balance of $180,000.<br>-25 years in the business, has run into disputes, and always works to resolve them.<br>-Mr. Price sending pictures of Tony's home was very upsetting to Tony. Tony mentioned this no less than 7 times in the 25+ minute call.<br>▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ | RJTJ | $400.00 | 0.50 | $200.00 |
| 01/27/2026 | 1 email sent/reviewed regarding [ServeManager] Job #14825977 Update | RJTJ | $400.00 | 0.10 | $40.00 |
| 01/28/2026 | 1 email sent/reviewed regarding Price v. Pro Cars USA & Arta Gashi; Northern Dist. of Ill. Case No.: 25-cv-15196<br>-Email to Tony Gashi on settlement framework. | RJTJ | $400.00 | 0.30 | $120.00 |
| 01/28/2026 | Status Call with Sheridan Price (240-475-7200) attended<br>-Discussed status ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉<br>-Recommended ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ | RJTJ | $400.00 | 0.30 | $120.00 |
| 02/02/2026 | 2 emails sent/reviewed regarding Price v. Pro Cars USA & Arta Gashi; Northern Dist. of Ill. Case No.: 25-cv-15196 | RJTJ | $400.00 | 0.10 | $40.00 |
| 02/04/2026 | 2 emails sent/reviewed regarding Following Up | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 02/04/2026 | Review ALA v. Gold Coast Imports, LLC, Northern District of Illinois Case No. 24-CV-00162<br>-Review 20+ electronic files downloaded from PACER, complaint, motions, court opinions.<br>-As it pertains to prospectively similar factual allegations and claims analogized to the instant matter, at recommendation of Donald Szczeniak | RJTJ | $400.00 | 0.30 | $120.00 |
| 02/05/2026 | Call with Sheridan Price (240-475-7200) attended<br>-Discussed status of service ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ | RJTJ | $400.00 | 0.20 | $80.00 |
| 02/05/2026 | 1 email sent/reviewed regarding [ServeManager] Job #14969727 Update<br>-Attempt made to serve Arta Gashi at residential address unsuccessful. | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 02/10/2026 | 1 email sent/reviewed regarding [ServeManager] Job #14969727 Update | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 02/11/2026 | Price v. Pro Cars USA - 20260209 - Plaintiff's Motion for Leave to Amend Complaint edited | RJTJ | $400.00 | 0.50 | $200.00 |

| Date | Description | Timekeeper Initials | Rate | Hours | Total |
|---|---|---|---|---|---|
| 02/11/2026 | Call with Tony Gashi (708-837-2782) attended<br>-Interested in resolution, including possibly having car returned, but indicated hardship with "100%" floorplan where floor planner "scans" cars on lot every 20 days. Mentioned bankruptcy again, if no resolution is had.<br>-Confirmed BMW financial is lienholder, with approx. $180k balance, but that due to privacy concerns, could not share lien information with us.<br>███████████████████████████████████████████████████████████████████████████████████████████████████████████████ | RJTJ | $400.00 | 0.40 | $160.00 |
| 02/11/2026 | Price v. Pro Cars_20260211_Initial Status Report created, edited, finalized | RJTJ | $400.00 | 1.50 | $600.00 |
| 02/11/2026 | 2 emails sent/reviewed regarding Price v. Pro Cars USA & Arta Gashi; Northern Dist. of Ill. Case No.: 25-cv-15196 | RJTJ | $400.00 | 0.10 | $40.00 |
| 02/13/2026 | Call with Sheridan Price (240-475-7200) attended | RJTJ | $400.00 | 0.30 | $120.00 |
| 02/13/2026 | 1 email sent/reviewed regarding [ServeManager] Job #14969727 Update | RJTJ | $400.00 | 0.10 | $40.00 |
| 02/16/2026 | Price v. Pro Cars_Proposed First Amended Complaint_REDLINE created, then edited and reviewed | RJTJ | $400.00 | 1.10 | $440.00 |
| 02/16/2026 | Price v. Pro Cars USA - 20260209 - Plaintiff's Motion for Leave to Amend Complaint edited | RJTJ | $400.00 | 1.00 | $400.00 |
| 02/17/2026 | 4 emails sent/reviewed regarding Activity in Case 1:25-cv-15196 Price v. PRO CARS USA, INC. et al order on motion for entry of default | RJTJ | $400.00 | 0.20 | $80.00 |
| 02/18/2026 | WORK SESSION: File FAC attended<br>-Finalize First Amended Complaint, including exhibits, file same with ECF | RJTJ | $400.00 | 0.20 | $80.00 |
| 02/20/2026 | Drafted Motion for Alternate Service | OTR | $100.00 | 1.00 | $100.00 |
| 02/20/2026 | Draft Letter to Tony Gashi<br>-Explain to him that a necessary condition to further settlement discussions is service. Without it, we cannot have any further dialogue. | RJTJ | $400.00 | 0.40 | $160.00 |
| 02/20/2026 | 2 emails sent/reviewed regarding Activity in Case 1:25-cv-15196 Price v. PRO CARS USA, INC. et al summons - error unprocessed | RJTJ | $400.00 | 0.10 | $40.00 |
| 02/20/2026 | Call, text and email Tony Gashi to invite him to a phone call to discuss next steps and the one condition we will require to be met before further dialogue my ensue.<br>-Could not leave a VM (mailbox was full);<br>-Sent text via SB system.<br>-Sent email. | RJTJ | $400.00 | 0.10 | $40.00 |
| 02/26/2026 | Conduct research on service<br>-On whether service on a person at the dealership representing to be authorized to accept service is proper service on the corporation, or if the corporation can challenge service on a future date. | HS | $325.00 | 1.00 | $325.00 |
| 02/26/2026 | 1 email sent/reviewed regarding Price v. Pro Cars USA & Arta Gashi; Northern Dist. of Ill. Case No.: 25-cv-15196 | RJTJ | $400.00 | 0.10 | $40.00 |
| 02/26/2026 | Call with Tony Gashi (708-837-2782) attended | RJTJ | $400.00 | 0.50 | $200.00 |
| 02/26/2026 | Price v. Pro Cars_20260227_JTG Letterhead to Tony Gashi edited | RJTJ | $400.00 | 0.10 | $40.00 |
| 02/27/2026 | 1 email sent/reviewed regarding Price v. Pro Cars USA & Arta Gashi; Northern Dist. of Ill. Case No.: 25-cv-15196 | RJTJ | $400.00 | 0.10 | $40.00 |
| 03/09/2026 | Service Research Assignment reviewed<br>-Review Hanna Styler legal memorandum on proper effectuation of service on corporation. | RJTJ | $400.00 | 0.10 | $40.00 |
| 03/11/2026 | Call with Rodney (Krimson Process Service and Investigations) (630-822-2237) attended<br>-Discussed with new process server history of service attempts, next proposed steps, including status report filing deadline of 3.17.26, and need for due diligence efforts made to serve the individuals, or provide a written report to us on status by 3.16.26 in time for us to prepare our report for the Court.<br>-Found Tony's wife's (Dafina Gashi) address at 605 W Madison avenue Apt. 4601, Chicago. | RJTJ | $400.00 | 0.20 | $80.00 |
| 03/11/2026 | RJTJ to Call Sheridan attended<br>-Discussed ██████████████████████████████████████████████████████████████████<br>██████████████████████████ | RJTJ | $400.00 | 0.20 | $80.00 |
| 03/11/2026 | 1 email sent/reviewed regarding Price v. Pro Cars USA & Arta Gashi; Northern Dist. of Ill. Case No.: 25-cv-15196<br>-Email to process server with affidavit of service and affidavits of non-service provided by prior process server.<br>-Confirmed in writing we need due diligence report no later than 3.16.26. | RJTJ | $400.00 | 0.10 | $40.00 |
| 03/17/2026 | Price v. Pro Cars_20260317_Status Report created, then edited | RJTJ | $400.00 | 0.90 | $360.00 |
| 03/17/2026 | Email attachment reviewed - Price v. Pro Cars_20260317_Status Report | RJTJ | $400.00 | 0.50 | $200.00 |
| 03/17/2026 | 2 emails sent/reviewed regarding Price v. Pro Cars USA & Arta Gashi; Northern Dist. of Ill. Case No.: 25-cv-15196 | RJTJ | $400.00 | 0.20 | $80.00 |
| 03/19/2026 | 4 emails sent/reviewed regarding Activity in Case 1:25-cv-15196 Price v. PRO CARS USA, INC. et al set deadlines | RJTJ | $400.00 | 0.20 | $80.00 |
| 03/23/2026 | Drafting of Motion for Alternative Service | OTR | $100.00 | 1.00 | $100.00 |

| Date | Description | Timekeeper Initials | Rate | Hours | Total |
|------|-------------|---------------------|------|-------|-------|
| 03/23/2026 | Conference call with Sheridan Price<br>-Discussed ███████████████████████████████████████<br>███████████████████████████████████████████<br>███████████████████<br>-Discussed s████████████████████████████████er.<br>-Advise███████████████████████████████████████<br>███████████████████████████████████████████<br>███████████████████████████████████████████<br>███████████████<br>███████████████████████████████████████████<br>-Advised██████████████████████████████████████<br>████████████ | RJTJ | $400.00 | 0.40 | $160.00 |
| 03/24/2026 | 2 messages sent/reviewed | RJTJ | $400.00 | 0.10 | $40.00 |
| 03/24/2026 | Price v. Pro Cars_20260324_JTG Letterhead to Sheridan D. Price created, then edited | RJTJ | $400.00 | 1.10 | $440.00 |
| 03/24/2026 | 2 emails sent/reviewed regarding Price v. Pro Cars USA & Arta Gashi; Northern Dist. of Ill. Case No.: 25-cv-15196 | RJTJ | $400.00 | 0.10 | $40.00 |
| 03/26/2026 | Motion for Alternative Service edited<br>Finalize Motion for Leave for Alternative Service. File same with the Court. Schedule hearing for April 7, 2026. | RJTJ | $400.00 | 1.50 | $600.00 |
| 03/27/2026 | 1 email sent/reviewed regarding Activity in Case 1:25-cv-15196 Price v. PRO CARS USA, INC. et al | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 03/27/2026 | Price v. Pro Cars_20260327_NOM created | RJTJ | $400.00 | 0.20 | ~~$80.00~~ |
| 03/30/2026 | 6 emails sent/reviewed regarding Activity in Case 1:25-cv-15196 Price v. PRO CARS USA, INC. et al order on motion for miscellaneous relief | RJTJ | $400.00 | 0.30 | $120.00 |
| 03/30/2026 | Email attachment reviewed - Motion for Alternative Service DRAFT | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 03/31/2026 | Price. Pro Cars_20260326_Motion for Alternative Service edited | RJTJ | $400.00 | 0.10 | $40.00 |
| 03/31/2026 | Email attachment reviewed - Affidavit for Electronic Service | RJTJ | $400.00 | 0.10 | $40.00 |
| 04/01/2026 | Price v. Pro Cars_20260401_Motion to Extend Service Deadline and Amended Motion for Alternative Service created, then edited<br>-Draft Motion to extend FRCP 4m service deadline on individual defendants in accordance with court order of March 31st, including revisions and affidavit in support of motion for leave to serve individual defendants via alternative methods.<br>-Finalize, compile exhibits and prepare documents for filing. | RJTJ | $400.00 | 2.10 | $840.00 |
| 04/01/2026 | Price v. Pro Cars_20260401_NOM created<br>-Draft Notice of Motion for hearing. | RJTJ | $400.00 | 0.20 | ~~$80.00~~ |
| 04/01/2026 | 1 email sent/reviewed regarding Activity in Case 1:25-cv-15196 Price v. PRO CARS USA, INC. et al<br>-E-file Motion to Extend time to serve individual defendants and for leave to serve via alternative methods. E-file Notice of motion. | RJTJ | $400.00 | 0.10 | $40.00 |
| 04/06/2026 | 2 emails sent/reviewed regarding Activity in Case 1:25-cv-15196 Price v. PRO CARS USA, INC. et al order on motion for miscellaneous relief<br>-Review order from the court granting Plaintiff's Motion for Leave to Serve via Alternative Methods and to extend deadline to serve individual defendants.<br>-Email staff with next steps.<br>-Email client ████████████████ | RJTJ | $400.00 | 0.20 | $80.00 |
| 04/06/2026 | 1 email sent/reviewed regarding Price v. Pro Cars USA & Arta Gashi; Northern Dist. of Ill. Case No.: 25-cv-15196 | RJTJ | $400.00 | 0.10 | $40.00 |
| 04/07/2026 | Exhibit A for Subpoenaes reviewed | RJTJ | $400.00 | 0.30 | ~~$120.00~~ |
| 04/07/2026 | Subpoena_BMW Financial Services NA LLC reviewed | RJTJ | $400.00 | 0.20 | $80.00 |
| 04/07/2026 | 2 emails sent/reviewed regarding Activity in Case 1:25-cv-15196 Price v. PRO CARS USA, INC. et al order on motion for miscellaneous relief<br>-Delegation and instructions as to drafting of third party subpoenas. | RJTJ | $400.00 | 0.40 | $160.00 |
| 04/08/2026 | Drafting of Subpoenas to Champions, BMW Financial Services and Cristina Birca with Rider | OTR | $100.00 | 1.00 | $100.00 |
| 04/09/2026 | Review and Finalize Alias Summonses for Alternative Service, e-file same via ECF | RJTJ | $400.00 | 0.20 | $80.00 |
| 04/09/2026 | 3 emails sent/reviewed regarding Activity in Case 1:25-cv-15196 Price v. PRO CARS USA, INC. et al summons issued (court participant) | RJTJ | $400.00 | 0.10 | $40.00 |
| 04/13/2026 | 1 email sent/reviewed regarding Price v. Pro Cars USA & Arta Gashi; Northern Dist. of Ill. Case No.: 25-cv-15196<br>-Email to staff with instructions on assigning service to process server in accordance with order granting alternative service methods. | RJTJ | $400.00 | 0.10 | $40.00 |
| 04/20/2026 | Listen to VM left by Atty Joe Lemersal, indicating that he was hired by Pro Cars based on service on 4/16/2026<br>-Look up firm information and enter into system.<br>-Research Attorney on IARDC website. | RJTJ | $400.00 | 0.20 | $80.00 |

| Date | Description | Timekeeper Initials | Rate | Hours | Total |
|---|---|---|---|---|---|
| 04/23/2026 | Phone Call with Attorney Joe Lemersal (847-944-9400) attended [redacted] | RJTJ | $400.00 | 0.20 | $80.00 |
| 04/24/2026 | Status Call with Sheridan Price (240-475-7200) attended<br>-Called client [redacted]<br>-Client called [redacted]<br>-Also discussed [redacted] | RJTJ | $400.00 | 0.20 | $80.00 |
| 05/04/2026 | File all affidavits of service on the various individual defendants with the court | RJTJ | $400.00 | 0.20 | $80.00 |
| 05/06/2026 | 1 email sent/reviewed regarding Price v. Pro Cars USA, INC & Gashi No. 25 CV15196<br>-Respond to opposing counsel's email requesting copies of recent "pleadings." | RJTJ | $400.00 | 0.10 | $40.00 |
| 05/27/2026 | Draft motion for default order for individual defendants | HS | $325.00 | 1.00 | $325.00 |
| 05/27/2026 | 1 email sent/reviewed regarding Price v. Pro Cars USA & Arta Gashi; Northern Dist. of Ill. Case No.: 25-cv-15196<br>-Email to opposing counsel recapping conversation and providing a copy of the most recent court order with upcoming deadlines. | RJTJ | $400.00 | 0.10 | $40.00 |
| 05/27/2026 | Call with Attorney Joe Lemersal ((847) 944-9400 ext. 213) attended [redacted] | RJTJ | $400.00 | 0.20 | $80.00 |
| 05/29/2026 | Drafted Notice of Motion, Status Report and revised Motion for Default Order. | OTR | $100.00 | 1.30 | $130.00 |
| 05/29/2026 | Motion for Default DRAFT edited and reviewed<br>-Edit, finalize and e-file Motion for Default. | RJTJ | $400.00 | 0.60 | $240.00 |
| 05/29/2026 | Price v. Pro Cars_20260529_Status Report edited and reviewed<br>-Edit, finalize, and file Status Report for the Court. | RJTJ | $400.00 | 0.20 | $80.00 |
| 05/29/2026 | Price v. Pro Cars_20260529_NOM edited<br>-Edit and finalize Notice of Motion to present Motion for Default. | RJTJ | $400.00 | 0.10 | $40.00 |
| 05/29/2026 | Email attachment reviewed - Price v. Pro Cars_20260529_NOM | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 05/29/2026 | 1 email sent/reviewed regarding Activity in Case 1:25-cv-15196 Price v. PRO CARS USA, INC. et al notice of motion | RJTJ | $400.00 | 0.10 | $40.00 |
| 06/02/2026 | 1 email sent/reviewed regarding Activity in Case 1:25-cv-15196 Price v. PRO CARS USA, INC. et al terminate deadlines<br>-Review Court Order granting Motion for Entry of Default Order.<br>-Delegate tasks to staff, including calendaring, serving notice of default order to defendants by June 9th deadline, and next motion. | RJTJ | $400.00 | 0.20 | $80.00 |
| 06/03/2026 | Drafted Proof of Service and carried out methods of service | OTR | $150.00 | 0.80 | $120.00 |
| 06/03/2026 | 9 emails sent/reviewed regarding Activity in Case 1:25-cv-15196 Price v. PRO CARS USA, INC. et al terminate deadlines | RJTJ | $400.00 | 0.50 | ~~$200.00~~ |
| 06/05/2026 | Price v. Pro Cars - Proof of Service - Order granting default edited and reviewed<br>-Review and finalize Proof of Service of Order of Default entered against Defendants.<br>-E-File same via ECF. | RJTJ | $400.00 | 0.20 | $80.00 |
| 06/09/2026 | Teleconference with Sheridan (240-475-7200) attended<br>-Call with client [redacted] | RJTJ | $400.00 | 0.30 | $120.00 |
| 06/16/2026 | Email sent to Sheridan [redacted] | OTR | $150.00 | 0.10 | $15.00 |
| 06/18/2026 | 1 email sent/reviewed regarding Loan Payoff Document | RJTJ | $400.00 | 0.10 | $40.00 |
| 06/22/2026 | Drafted Affidavit of Sheridan Price and RJTJ related to fees incurred. | OTR | $150.00 | 1.30 | $195.00 |
| 06/22/2026 | 3 emails sent/reviewed regarding New Voicemail from JTG LAW (847) 549-0600 to Kimberly Herring (Ext. 203329) on Mon Jun 22, 2026 12:18<br>-Email exchange with new attorney Kim Herring, SmithAmundsen, hired by Pro Cars | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |

| Date | Description | Timekeeper Initials | Rate | Hours | Total |
|---|---|---|---|---|---|
| 06/22/2026 | Conference call with Atty Kim Herring of SmithAmudsen ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ██████████ ███████████████████████████████████████ ███████████████████████████████ ███████████████████████████████████████ | RJTJ | $400.00 | 0.20 | $80.00 |
| 06/22/2026 | Listen to voicemail left by Atty Kim Herring of SmithAmudsen and return call<br>-This person left a voicemail at approximately 11:39 a.m. ion June 22nd indicating that she had recently been retained by Defendant.<br>-Returned phone call at approximately 12:18 p.m.<br>-Unable to reach Attorney. Left voice-message providing direct dial number and email address. | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 06/23/2026 | Call with Sheridan Price (240-475-7200) attended ███████████████████████████████████████ █████████████████ ███████████████████████████ ███████████████████████████████████████ ████████████████ | RJTJ | $400.00 | 0.30 | $120.00 |
| 06/23/2026 | Price v. Pro Cars_ Price Affidavit edited | RJTJ | $400.00 | 1.00 | $400.00 |
| 06/23/2026 | Price v. Pro Cars_20260623_MTE edited<br>-Edit and finalize Plaintiff's Motion to Extend deadline to file Judgment Motion. | RJTJ | $400.00 | 0.50 | $200.00 |
| 06/23/2026 | Price v. Pro Cars_Motion for Default Judgment edited | RJTJ | $400.00 | 0.70 | $280.00 |
| 06/23/2026 | 2 emails sent/reviewed regarding New Voicemail from JTG LAW (847) 549-0600 to Kimberly Herring (Ext. 203329) on Mon Jun 22, 2026 12:18 | RJTJ | $400.00 | 0.10 | $40.00 |
| 06/23/2026 | Price v. Pro Cars_20260623_NOM created, then reviewed<br>Notice of Motion | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 06/24/2026 | 1 email sent to Sheridan asking for Affidavit Exhibit Documentation proving damages/gave status update including MTE | OTR | $150.00 | 0.10 | ~~$15.00~~ |
| 06/24/2026 | Affidavits as to Military Status of Individual Defendants drafted | OTR | $150.00 | 0.50 | $75.00 |
| 06/25/2026 | Email sent to Sheridan asking him to review his Affidavit of Fees. | OTR | $150.00 | 0.10 | ~~$15.00~~ |
| 06/25/2026 | 8 emails sent/reviewed regarding Price v. Pro Cars USA & Arta Gashi; Northern Dist. of Ill. Case No.: 25-cv-15196<br>-Email with staff and opposing counsel regarding status of judgment motion, itemization of damages, and delegation to staff. | RJTJ | $400.00 | 0.70 | $280.00 |
| 06/29/2026 | Email sent to Sheridan following up on the status of requested documentation and the description of his work/importance of image. | OTR | $150.00 | 0.10 | ~~$15.00~~ |
| 06/30/2026 | Compiled Exhibits for Sheridan Price's Affidavit. | OTR | $150.00 | 0.20 | $30.00 |
| 06/30/2026 | 1 email sent/reviewed regarding Affidavit Revisions - Damages Description and Additional Statement<br>-Review client's ███████████████████████████ | RJTJ | $400.00 | 0.20 | $80.00 |
| 07/01/2026 | 4 emails sent/reviewed regarding Affidavit Revisions - Damages Description and Additional Statement<br>-Emails with client regarding ███████████████████████████ | RJTJ | $400.00 | 0.20 | ~~$80.00~~ |
| 07/06/2026 | Price v. Pro Cars_ Price Affidavit_Updated created, then edited | RJTJ | $400.00 | 0.30 | $120.00 |
| 07/06/2026 | Price v. Pro Cars_Motion for Default Judgment edited | RJTJ | $400.00 | 0.80 | $320.00 |
| 07/06/2026 | 6 emails sent/reviewed regarding Affidavit Revisions - Damages Description and Additional Statement<br>-Email exchange with client regarding ███████████████████████████ | RJTJ | $400.00 | 0.40 | $160.00 |
| 07/06/2026 | Conference call with client regarding ███████████████████████████████████████ ██████████ | RJTJ | $400.00 | 0.20 | $80.00 |
| 07/07/2026 | Price v. Pro Cars_20260707_MTE created, then edited<br>-Motion for Extension of time to file Motion for Judgment | RJTJ | $400.00 | 0.30 | $120.00 |
| 07/07/2026 | Price v. Pro Cars_Motion for Default Judgment edited<br>-3.7 hours tracked, marked down to 2 hours.<br>-Excludes legal research time. | RJTJ | $400.00 | 2.00 | $800.00 |
| 07/07/2026 | 2 emails sent/reviewed regarding Price v. Pro Cars USA & Arta Gashi; Northern Dist. of Ill. Case No.: 25-cv-15196<br>-Email to opposing counsel including e-field Motion for Extension. | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 07/07/2026 | Price v. Pro Cars_20260707_NOM created, then edited<br>-Notice of Motion for Extension. | RJTJ | $400.00 | 0.10 | ~~$40.00~~ |
| 07/08/2026 | Price v. Pro Cars_Motion for Default Judgment edited<br>-Marked down from 2.7 hours tracked.<br>-Excludes legal research time | RJTJ | $400.00 | 1.50 | $600.00 |
| 07/09/2026 | 2 calls made to IL SOS, multiple searches ran on IDFPR for Dealership License using information from Pro Cars USA License Renewal from 2024<br>NO results in searches but we are lacking the FEIN for Pro Cars. The IL SOS also informed me that they can't give out copies of Dealership's license or any information concerning them - we would need to FOIA. | OTR | $150.00 | 0.80 | $120.00 |
| 07/09/2026 | Price v. Pro Cars_Motion for Default Judgment edited<br>-Marked down from 4.8 hours spent.<br>-Includes legal research time into obtaining punitive damages under the CFA. | RJTJ | $400.00 | 3.00 | $1,200.00 |

| Date | Description | Timekeeper Initials | Rate | Hours | Total |
|---|---|---|---|---|---|
| 07/09/2026 | 14 emails sent/reviewed regarding Reaching Out Regarding Affadavit | RJTJ | $400.00 | 0.50 | ~~$200.00~~ |
| 07/10/2026 | Price v. Pro Cars_Motion for Default Judgment edited<br>-Marked down from 3.6 hours tracked.<br>-Includes legal research into injunctive relief under the CFA. | RJTJ | $400.00 | 2.50 | $1,000.00 |
| 07/12/2026 | Price v. Pro Cars_ RJTJ Affidavit of Fees edited | RJTJ | $400.00 | 0.50 | $200.00 |
| 07/13/2026 | 8 emails sent/reviewed regarding Price v. Pro Cars USA & Arta Gashi; Northern Dist. of Ill. Case No.: 25-cv-15196<br>-Emails with staff regarding finalization of Motion for Default, including final edits.<br>-Email with opposing counsel with proposal for settlement to include title within 90 days and dismissal of prejudice.<br>-Email to client ███████████████████████ | RJTJ | $400.00 | 0.60 | $240.00 |
| 07/13/2026 | Price v. Pro Cars_Motion for Default Judgment_FINAL created, then edited<br>-Final edits to Motion for Default, including Attorney Fee Section discussing overlapping consumer claims, attorney's fees. | RJTJ | $400.00 | 0.50 | $200.00 |
| 07/13/2026 | Price v. Pro Cars_ RJTJ Affidavit of Fees edited<br>-Make final edits and finalize RJTJ Atty Fee Affidavit. | RJTJ | $400.00 | 1.00 | $400.00 |
| 07/13/2026 | TBD Presentment of Motion for Default Judgment<br>Estimated preparation and court appearance time at Motion for Judgment scheduled at TBD date and time. | RJTJ | $400.00 | 1.00 | $400.00 |
| **Total** | | | | | **$22,245.00** |

## Expenses

| Date | Description | Quantity | Cost | Total |
|---|---|---|---|---|
| 09/02/2025 | Priority Mail; Arta Gashi, Registered Agent | 1.00 | $11.00 | $11.00 |
| 09/02/2025 | Priority Mail; Arta Gashi, President | 1.00 | $11.00 | $11.00 |
| 09/24/2025 | FL HSMV Records Request | 1.00 | $25.00 | $25.00 |
| 09/24/2025 | Priority Mail; IL SOS, FL SOS & IL SOS Police | 3.00 | $11.00 | $33.00 |
| 09/24/2025 | IL SOS Certified Title Search | 1.00 | $10.00 | $10.00 |
| 09/29/2025 | Priority Mail; IL SOS Police - Withdraw Complaint Letter | 1.00 | $11.00 | $11.00 |
| 12/15/2025 | Civil Case Filing Fee - Federal Court | 1.00 | $405.00 | $405.00 |
| 12/30/2025 | Gazelle Service and Investigations Invoice | 1.00 | $88.06 | $88.06 |
| 01/21/2026 | New Hampshire DMV Title Search | 1.00 | $20.00 | $20.00 |
| 01/26/2026 | Gazelle Service and Investigations Invoice #14825977 | 1.00 | $153.06 | $153.06 |
| 02/13/2026 | Gazelle Process and Investigations Invoice #14969727 | 1.00 | $88.06 | $88.06 |
| 02/27/2026 | Letter sent to Pro Cars USA re Settlement Negotiations via USPS Priority Mail | 1.00 | $8.95 | $8.95 |
| 03/18/2026 | Good Car Report | 1.00 | $1.95 | $1.95 |
| 03/30/2026 | Krimson Process and Investigations Invoice 26-00179 | 1.00 | $120.00 | $120.00 |
| 04/20/2026 | Gazelle Invoice #15680582 | 1.00 | $58.78 | $58.78 |
| 05/18/2026 | Gazelle Statement #523460 | 1.00 | $1,581.94 | $1,581.94 |
| 06/04/2026 | Sent Default Order to Pro Cars USA via Certified Mail | 1.00 | $6.08 | $6.08 |
| 06/04/2026 | Sent Default Order to Arta Gashi's 3 known possible addresses via Certified Mail | 3.00 | $6.08 | $18.24 |
| 06/04/2026 | Sent Default Order to Tony Gashi's 3 known possible addresses via Certified Mail | 3.00 | $6.08 | $18.24 |
| 06/04/2026 | Sent Default Order to Astrit Gashi's 3 known possible addresses via Certified Mail | 3.00 | $6.08 | $18.24 |
| **Total** | | | | **$2,687.60** |

## Invoice History

| Date Invoiced | Invoice Number | Matter | Status | Subtotal | Write off | Discount | Surcharge | Total | Interest | Paid (Inc. Interest) | Credited | Waived | Total Due (Inc. Interest) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/23/2025 | 13165 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Paid | $782.00 | $120.00 | $62.00 | $0.00 | $600.00 | $0.00 | $600.00 | $0.00 | $0.00 | $0.00 |
| 10/20/2025 | 13304 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Paid | $3,119.00 | $80.00 | $39.00 | $0.00 | $3,000.00 | $0.00 | $3,000.00 | $0.00 | $0.00 | $0.00 |
| 11/28/2025 | 13941 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Paid | $120.00 | $40.00 | $0.00 | $0.00 | $80.00 | $0.00 | $80.00 | $0.00 | $0.00 | $0.00 |
| 01/16/2026 | 14295 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Paid | $1,583.06 | $80.00 | $0.00 | $0.00 | $1,503.06 | $0.00 | $1,503.06 | $0.00 | $0.00 | $0.00 |
| 02/19/2026 | 14510 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Paid | $3,661.12 | $400.00 | $0.00 | $0.00 | $3,261.12 | $0.00 | $3,261.12 | $0.00 | $0.00 | $0.00 |
| 03/20/2026 | 14703 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Paid | $1,955.90 | $0.00 | $0.00 | $0.00 | $1,955.90 | $0.00 | $1,955.90 | $0.00 | $0.00 | $0.00 |

| Date Invoiced | Invoice Number | Matter | Status | Subtotal | Write off | Discount | Surcharge | Total | Interest | Paid (Inc. Interest) | Credited | Waived | Total Due (Inc. Interest) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/17/2026 | 14904 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Paid | $3,560.00 | $360.00 | $0.00 | $0.00 | $3,200.00 | $0.00 | $3,200.00 | $0.00 | $0.00 | $0.00 |
| 05/19/2026 | 15132 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Paid | $418.78 | $0.00 | $0.00 | $0.00 | $418.78 | $0.00 | $418.78 | $0.00 | $0.00 | $0.00 |
| 05/20/2026 | 15145 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Paid | $1,581.94 | $0.00 | $0.00 | $0.00 | $1,581.94 | $0.00 | $1,581.94 | $0.00 | $0.00 | $0.00 |
| 06/19/2026 | 15262 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Paid | $1,730.80 | $240.00 | $0.00 | $0.00 | $1,490.80 | $0.00 | $1,490.80 | $0.00 | $0.00 | $0.00 |
| 07/14/2026 | 15413 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Final | $8,265.00 | $525.00 | $0.00 | $0.00 | $7,740.00 | $0.00 | $1,000.00 | $0.00 | $0.00 | $6,740.00 |
| **Totals** | | | | **$26,777.60** | **$1,845.00** | **$101.00** | **$0.00** | **$24,831.60** | **$0.00** | **$18,091.60** | **$0.00** | **$0.00** | **$6,740.00** |

## Invoice Summary

| | |
|---|---|
| Subtotal | $26,777.60 |
| Write Off | $1,845.00 |
| Discount | $101.00 |
| Surcharge | $0.00 |
| Total | $24,831.60 |
| Interest | $0.00 |
| Paid (Inc. Interest) | $18,091.60 |
| Credited | $0.00 |
| Waived | $0.00 |
| **Total Due (Inc. Interest)** | **$6,740.00** |

## Account Summary

| Account Name | Balance |
|---|---|
| Operating Retainer | $0.00 |
| Trust | $0.00 |
| **Totals** | **$0.00** |

## Transaction History

**Trust**

| Transaction | Entered | Ref | Description | Matter | Paid By | Multi Amount | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|
| 08/28/2025 | 08/28/2025 | | Credit Card deposit | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Sheridan D. Price | | $0.00 | $4,500.00 | $4,500.00 |
| 09/23/2025 | 09/23/2025 | | Transfer to Operating for payment of invoice #13165 — Legal Fees on Invoice #13165 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Sheridan D. Price | | $600.00 | $0.00 | $3,900.00 |
| 10/22/2025 | 10/22/2025 | | Transfer to Operating for payment of invoice #13304 — Legal Fees on Invoice #13304 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Sheridan D. Price | | $3,000.00 | $0.00 | $900.00 |
| 11/28/2025 | 11/28/2025 | | Transfer to Operating for payment of invoice #13941 — Legal Fees on Invoice #13941 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Sheridan D. Price | | $80.00 | $0.00 | $820.00 |
| 01/14/2026 | 01/14/2026 | 7613265486 | Check deposit — Refund | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | State of Florida DHSMV | | $0.00 | $24.50 | $844.50 |
| 01/16/2026 | 01/16/2026 | | Transfer to Operating for payment of invoice #14295 — Legal Fees on Invoice #14295 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | State of Florida DHSMV | | $24.50 | $0.00 | $820.00 |
| 01/16/2026 | 01/16/2026 | | Transfer to Operating for payment of invoice #14295 — Legal Fees on Invoice #14295 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Sheridan D. Price | | $820.00 | $0.00 | $0.00 |

| Transaction | Entered | Ref | Description | Matter | Paid By | Multi Amount | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|
| 02/03/2026 | 02/04/2026 | | Credit Card deposit | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Sheridan D. Price | | $0.00 | $2,658.56 | $2,658.56 |
| 02/04/2026 | 02/04/2026 | | Transfer to Operating for payment of invoice #14295 — Legal Fees on Invoice #14295 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Sheridan D. Price | | $658.56 | $0.00 | $2,000.00 |
| 02/19/2026 | 02/19/2026 | | Transfer to Operating for payment of invoice #14510 — Legal Fees on Invoice #14510 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Sheridan D. Price | | $2,000.00 | $0.00 | $0.00 |
| 03/25/2026 | 03/30/2026 | | Credit Card deposit | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Sheridan D. Price | | $0.00 | $5,000.00 | $5,000.00 |
| 03/30/2026 | 03/30/2026 | | Transfer to Operating for payment of invoice #14510 — Legal Fees on Invoice #14510 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Sheridan D. Price | | $1,261.12 | $0.00 | $3,738.88 |
| 03/30/2026 | 03/30/2026 | | Transfer to Operating for payment of invoice #14703 — Legal Fees on Invoice #14703 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Sheridan D. Price | | $1,955.90 | $0.00 | $1,782.98 |
| 04/17/2026 | 04/17/2026 | | Transfer to Operating for payment of invoice #14904 — Legal Fees on Invoice #14904 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Sheridan D. Price | | $1,782.98 | $0.00 | $0.00 |
| 04/27/2026 | 04/27/2026 | | Credit Card deposit | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Sheridan D. Price | | $0.00 | $3,500.00 | $3,500.00 |
| 04/27/2026 | 04/27/2026 | | Transfer to Operating for payment of invoice #14904 — Legal Fees on Invoice #14904 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Sheridan D. Price | | $1,417.02 | $0.00 | $2,082.98 |
| 05/19/2026 | 05/19/2026 | | Transfer to Operating for payment of invoice #15132 — Legal Fees on Invoice #15132 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Sheridan D. Price | | $418.78 | $0.00 | $1,664.20 |
| 06/01/2026 | 06/01/2026 | | Transfer to Operating for payment of invoice #15145 — Legal Fees on Invoice #15145 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Sheridan D. Price | | $1,581.94 | $0.00 | $82.26 |
| 06/19/2026 | 06/19/2026 | | Transfer to Operating for payment of invoice #15262 — Legal Fees on Invoice #15262 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Sheridan D. Price | | $82.26 | $0.00 | $0.00 |
| 07/06/2026 | 07/06/2026 | | Credit Card deposit | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Sheridan D. Price | | $0.00 | $1,000.00 | $1,000.00 |
| 07/14/2026 | 07/14/2026 | | Transfer to Operating for payment of invoice #15413 — Legal Fees on Invoice #15413 | 2025-08-6115 - Price, Sheridan - Consumer Protection - All | Sheridan D. Price | | $1,000.00 | $0.00 | $0.00 |
| **Totals** | | | | | | | **$16,683.06** | **$16,683.06** | **$0.00** |

## Account Ledger

| Transaction | Entered | Description | Contact(s) | Invoice | Payment | Payment Source | Credited | Waived | Balance |
|---|---|---|---|---|---|---|---|---|---|
| 09/23/2025 | | Invoice #13165 | Sheridan D. Price | $600.00 | | | | | $600.00 |
| 09/23/2025 | 09/23/2025 | Payment for invoice #13165 | Sheridan D. Price | | $600.00 | Trust | | | $0.00 |
| 10/20/2025 | | Invoice #13304 | Sheridan D. Price | $3,000.00 | | | | | $3,000.00 |
| 10/22/2025 | 10/22/2025 | Payment for invoice #13304 | Sheridan D. Price | | $3,000.00 | Trust | | | $0.00 |
| 11/28/2025 | | Invoice #13941 | Sheridan D. Price | $80.00 | | | | | $80.00 |
| 11/28/2025 | 11/28/2025 | Payment for invoice #13941 | Sheridan D. Price | | $80.00 | Trust | | | $0.00 |
| 01/16/2026 | | Invoice #14295 | Sheridan D. Price | $1,503.06 | | | | | $1,503.06 |
| 01/16/2026 | 01/16/2026 | Payment for invoice #14295 | Sheridan D. Price | | $820.00 | Trust | | | $683.06 |

| Transaction | Entered | Description | Contact(s) | Invoice | Payment | Payment Source | Credited | Waived | Balance |
|---|---|---|---|---|---|---|---|---|---|
| 01/16/2026 | 01/16/2026 | Payment for invoice #14295 | State of Florida DHSMV | | $24.50 | Trust | | | $658.56 |
| 02/04/2026 | 02/04/2026 | Payment for invoice #14295 | Sheridan D. Price | | $658.56 | Trust | | | $0.00 |
| 02/19/2026 | | Invoice #14510 | Sheridan D. Price | $3,261.12 | | | | | $3,261.12 |
| 02/19/2026 | 02/19/2026 | Payment for invoice #14510 | Sheridan D. Price | | $2,000.00 | Trust | | | $1,261.12 |
| 03/20/2026 | | Invoice #14703 | Sheridan D. Price | $1,955.90 | | | | | $3,217.02 |
| 03/30/2026 | 03/30/2026 | Payment for invoice #14510 | Sheridan D. Price | | $1,261.12 | Trust | | | $1,955.90 |
| 03/30/2026 | 03/30/2026 | Payment for invoice #14703 | Sheridan D. Price | | $1,955.90 | Trust | | | $0.00 |
| 04/17/2026 | | Invoice #14904 | Sheridan D. Price | $3,200.00 | | | | | $3,200.00 |
| 04/17/2026 | 04/17/2026 | Payment for invoice #14904 | Sheridan D. Price | | $1,782.98 | Trust | | | $1,417.02 |
| 04/27/2026 | 04/27/2026 | Payment for invoice #14904 | Sheridan D. Price | | $1,417.02 | Trust | | | $0.00 |
| 05/19/2026 | | Invoice #15132 | Sheridan D. Price | $418.78 | | | | | $418.78 |
| 05/19/2026 | 05/19/2026 | Payment for invoice #15132 | Sheridan D. Price | | $418.78 | Trust | | | $0.00 |
| 05/20/2026 | | Invoice #15145 | Sheridan D. Price | $1,581.94 | | | | | $1,581.94 |
| 06/01/2026 | 06/01/2026 | Payment for invoice #15145 | Sheridan D. Price | | $1,581.94 | Trust | | | $0.00 |
| 06/19/2026 | | Invoice #15262 | Sheridan D. Price | $1,490.80 | | | | | $1,490.80 |
| 06/19/2026 | 06/19/2026 | Payment for invoice #15262 | Sheridan D. Price | | $82.26 | Trust | | | $1,408.54 |
| 07/06/2026 | 07/06/2026 | Payment for invoice #15262 | Sheridan D. Price | | $1,408.54 | Credit Card | | | $0.00 |
| 07/14/2026 | | Invoice #15413 | Sheridan D. Price | $7,740.00 | | | | | $7,740.00 |
| 07/14/2026 | 07/14/2026 | Payment for invoice #15413 | Sheridan D. Price | | $1,000.00 | Trust | | | $6,740.00 |
| **Totals** | | | | **$24,831.60** | **$18,091.60** | | **$0.00** | **$0.00** | **$6,740.00** |